No. 11,525.

STATE OF LOUISIANA vs. BOB ROBINSON.

46 769
f124 712

On the completion and empaneling of a jury, the jeopardy begins; but it begins only when the panel is full; until full, the jeopardy is not perfect.

49*

Without a complete jury the defendant can not be conducted to the period of his jeopardy; but after the jury, being full and complete, is sworn, and added to the other branch of the court, and all the preliminary things of record are ready for the trial, the defendant has reached the period of jeopardy from the repetition of which the constitutional provision protects him.

APPEAL from the Sixth District Court, Parish of Richland. *Ellis, J.*

*M. J. Cunningham,* Attorney General, for the State, Appellee:

The trial court is vested with discretion to continue a case if it thinks justice requires it, and it is also a matter resting within its discretion whether, pending the trial, it will delay the proceedings for the purpose of enabling the State or the defendant to bring in additional testimony.    State vs. Vigoreux, 3 An. 309.

To entitle a defendant to a plea of *autrefois acquit* it is necessary that the former acquittal be a legal acquittal by judgment upon trial, for substantially the same offence, by the verdict of the jury.    State vs. Hornsby, 8 Rob. 583; 1 Bish. Cr. Pl., par. 809.

*Robt. Whetstone* Attorney for Defendant and Appellant:

A plea of *autrefois acquit* is of a mixed nature, embracing both law and facts, and should be submitted to a jury.    42 An. 414; Wharton Crim. Law, 568.; Bishop Crim. Pro. 742, 816.

The State and accused having declared their readiness to go to trial under a valid indictment, trial begun and the jurors sworn and the indictment read, an abandonment or continuation of the case, and a discharge of the jury by the district attorney over defendant's objection, bars a subsequent prosecution for the same offence.    Art. 5, Const.

All authorities agree that the jeopardy of an accused does not begin until the jury is fully empaneled and sworn.    43 An. 515; 1 Bishop Crim. Law, Secs. 1014, 1015; 1 Wharton Crim. Law, Sec. 590.

The opinion of the court was delivered by

WATKINS, J. The accused was indicted at the September term, 1893, for the crime of larceny, and he was placed on trial, and a jury were duly empaneled and sworn, and the indictment read.

State vs. Robinson.

At this stage of the proceedings the district attorney requested a temporary suspension of the trial for the purpose of preparing an application for a continuance in order to enabl> him to procure the testimony of an absent witness. This application was granted, the proceedings were temporarily suspended, the motion for continuance was filed, argued and submitted, the case was continued for the term, and the jury empaneled to try the case were discharged—the defendant objecting and retaining a bill of exceptions to the rulings of the judge.

At the February term, 1894, the defendant objected to going to trial, on the ground that he had been once in jeopardy, and was discharged and released from further prosecution, by reason of the continuance of the cause, under the circumstances detailed, and to that end he filed a plea of previous jeopardy.

This motion was overruled and he retained a bill. Over his objection the trial was thereafter proceeded with, he was found guilty, was sentenced to eighteen months' imprisonment in the penitentiary, and from that sentence he prosecutes this appeal.

The question propounded is, whether the accused was put in jeopardy by the empaneling of the jury of trial, and the reading to them of the indictment—no testimony having been adduced—and did the discharge of the jury and the continuance of the case operate his release from further prosecution—the continuance of the case and the discharge of the jury being over the defendant's objection and exception.

It appears, as matter of fact, that the principal witness on behalf of the State had been duly summoned, but was not found by the sheriff, and that certain depositions which had been taken before an examining magistrate and deposited in the clerk's office were missing and could not, after diligent search, be found.

In order to obtain this testimony, the district attorney had requested a continuance of the case, and the judge assigned as the reason for granting it that the application proceeded upon the theory that the State was surprised that a part of the public archives of the clerk's office could not be produced, and that this fact did not evidence want of due diligence on the part of the district attorney in not having previously advised himself of the loss, as that officer had the right to presume the record was in its proper place.

The question of discretion in the judge to grant or disallow the continuance depends, however, on the main question of whether the circumstances related disclosed that the defendant was in jeopardy at the time it was granted; for, if he was, the judge had no discretion in the premises, and if there was no jeopardy, he had.

An examination of the authorities has satisfied us that the defendant's plea is good and should have been maintained.

Mr. Bishop defines jeopardy thus: "If after the jury have been sworn, and thus the jeopardy has begun, the court, contrary to true practice, discharges them without a verdict, this is, in law, equivalent to an acquittal; and, on motion, without plea, the prisoner is entitled to be set at liberty." 1 Bishop's Crim. Prac., Sec. 821.

Again that author says: "When on the completing and swearing of the panel, the jeopardy of the accused begins; *and it begins only when the panel is full;* until full, the jeopardy is not perfect. In other words, without a jury set apart and sworn for the particular case, the individual defendant has not been conducted to his period of jeopardy. But when, according to the better opinion, the jury, being full, is sworn and added to the other branch of the court, and all the preliminary things of record are ready for the trial, the prisoner has reached the period from the repetition of which our constitutional rule protects him." 1 Bishop's Crim. Law, Secs. 1014, 1015.

In support of this proposition many authorities and State decisions are collated, and we have examined all and cite the following, viz.: Wright vs. The State, 7 Indiana, 324; Morgan vs. The State, 13 Ind. 215; McKenzie vs. The State, 26 Ark. 334; Hines vs. The State, 24 Ohio Stat. 134.

In treating of "the essential elements of jeopardy," the following is stated in the American and English Encyclopedia of Law, viz.:

"If there be not a complete panel of jurors, the trial is a nullity, and jeopardy does not attach; and a trial without a jury is void and not a putting in jeopardy.

"The jury is said to be charged with the prisoner when the twelve jurors are duly empaneled and sworn; and when the jury are thus sworn to try the accused on the charge preferred, jeopardy attaches. If it attaches for a moment only, it is sufficient to put the accused within the provision of the Constitution." Vol. II, p. 933, Jeopardy, Sec. 4, pars. 4, 5.

Of the authorities quoted as supporting that theory, we cite the following, viz.: Bell vs. The State, 44 Ala. 393; Grogan vs. The State, 44 Ala. 9; Newson vs. The State, 2 Kelly (Ga.) 60.

But the principle is stated in People vs. Webb, 38 Cal. 467, with more accuracy and elaboration than any other given case, and the opinion of the court is supported by an array of authorities, English and American.

On the foregoing authorities we consider it a settled principle that after a jury has been set apart and sworn for the particular case, the defendant has been conducted to his period of jeopardy, and is entitled to the protection of the constitutional bar, in case the jury be set aside against his objection.

But this rule is not an absolute one, and applicable to all cases alike. There are exceptional cases to which the foregoing principles do not apply; as, for instance, when there is any illegality in the composition of the jury; or a disqualified person is found on the panel; or the jury are known to have been guilty of misconduct; for any of which causes the verdict might be set aside. The rule invoked and applied in this case is that where there is a *completed* jury duly empaneled and sworn to try the issue joined—and to the legality of which no objection is urged—the accused is, at the moment, placed in jeopardy.

But there is no conflict between the principle announced and that stated by the court in State vs. Nash, 46 An. 194, to which we adhere.

For these reasons we are of opinion that the verdict and sentence pronounced against the defendant should be annulled and reversed.

It is therefore ordered and decreed that the sentence and judgment appealed from be annulled and reversed, and it is further ordered and decreed that the plea of previous jeopardy be sustained and the defendant set at liberty.