(79 South. 426)

No. 23100.

STATE v. SCHIRO.

(May 27, 1918.   Rehearing Denied June 29, 1918.)

*(Syllabus by Editorial Staff.)*

CRIMINAL LAW ⬉195(1)—FORMER JEOPARDY —SUFFICIENCY OF PLEA.

Where an information charged a maiming on January 17, 1917, defendant's plea of autrefois acquit, based on his acquittal of the same offense, charged to have been committed on January 20, 1917, it being admitted there was only one offense, was properly maintained.

. Provosty and O'Niell, JJ., dissenting.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; H. M. Wallis, Jr., Judge.

Joseph Schiro was informed against for maiming, and from a judgment maintaining his plea of autrefois acquit, the State appeals. Affirmed.

A. V. Coco, Atty. Gen., and J. A. O. Coignet, Dist. Atty., of Thibodaux (Vernon A. Coco,

of New Orleans, of counsel), for the State. Harris Gagne, of Houma, for appellee.

LECHE, J.   In this case the state appeals from a judgment maintaining a plea of autrefois acquit. The facts are that on October 16, 1917, an information, charging the accused with having, on January 17, 1917, maimed one Angelo Gemelli, was filed by the district attorney. The following day, when called for arraignment, the accused pleaded autrefois acquit. With the consent of the state, this plea was tried by the judge and maintained. It seems that the accused had already been tried for the same offense on October 16, 1917, and found not guilty; hence the ruling of the judge.

The state contends in the present appeal that the offense charged in the information, filed on October 16, 1917, is not the same as that charged in the previous information, filed on October 9, 1917, and of which accused was found not guilty on October 16th, for the reason that the latter charged an offense committed on January 20, 1917, while the former charged said offense to have been committed on January 17, 1917. The state admits, however, that there was but one offense committed by the accused; that he was regularly tried therefor on October 16th; that when during that trial it attempted to prove that said offense was committed on January 17th, the accused objected on the ground that the information alleged the offense to have been committed on January 20th; and that said objection was maintained by the judge. It is further admitted that the district attorney then moved to amend the information in order to have the allegation as to time conform to the facts; that the judge having, on objection of the accused, refused to permit the amendment to be made, the state then moved to nol. pros's, and this, on objection of the accused, being also refused,

the state was unable to prove its case, and the accused was acquitted.

According to section 1063, R. S., and the established jurisprudence in this state, when time is not of the essence of the offense, and it is not of the essence of the offense in the present case, the state has a right to amend an information so as to state the time therein in conformity with the facts, but that rule of practice would not justify this court to reverse the ruling complained of in this case. The offense with which the accused was charged in the information filed on October 16th was admittedly the same with which he had been charged in the information filed on October 9th, and for which he was acquitted on October 16th, and to hold that his plea of autrefois acquit should be overruled on account of an erroneous ruling in a former prosecution would be an indefensible attempt to offset the effect of one error by committing another. To err is human. All judges are liable to err, and when they do so to the advantage of an accused, our system of criminal procedure seldom offers the state an opportunity to have the error corrected.

The plea of autrefois acquit was properly sustained, and the judgment appealed from is affirmed.

PROVOSTY and O'NIELL, JJ., dissent, and O'NIELL, J., hands down reasons. See 79 South. 426.