## Medlock v. Commonwealth.

(Decided November 23, 1926.)

### Appeal from Jackson Circuit Court.

1. Banks and Banking.—Evidence held to support conviction of bank cashier for feloniously and fraudulently entering upon bank books as a charge a certain sum, for purpose of appropriating part to his own use.

2. Banks and Banking.—To convict one of feloniously and fraudulently making false entries in bank books for purpose of appropriating money to his own use, entry must have been made willfully, feloniously and fraudulently.

3. Criminal Law.—To show that false entry made in bank books, for purpose of appropriating money to defendant's use, was made willfully, feloniously and fraudulently, it was proper to show defendant's other fraudulent entries made to conceal defalcations.

4. Criminal Law—Evidence of Other False Entries in Bank Books Held Admissible to Show Intent of Defendant to Make False Entry Charged.—In prosecution for making false entries in bank books for purpose of appropriating money to defendant's own use,

proof of other false entries made to conceal defalcation held properly admited to show intent with which act charged was done.

5. Criminal Law—Where Evidence of Other False Entries was Admited to Show Intent with which False Entry Charged was Made, Instruction to Jury to Consider Evidence Only for Such Purpose Held Proper.—In prosecution for making false entries in bank books for purpose of appropriating money to defendant's own use, where evidence of other false entries made to conceal defalcation was admitted to show intent as to act charged, instruction that jury must consider evidence of other false entries, and evidence as to condition of bank and its records, and removal of such records by defendant. only for purpose of showing intent mentioned, held proper.

6. Criminal Law.—Previous conviction of receiving deposits, knowing that bank was insolvent, held not to bar later prosecution for making false entries in bank books. for purpose of appropriating money to defendant's own use.

7. Criminal Law.—That court erred in ordering jury to be summoned from another county held not ground for complaint in Court of Appeals, in view of Criminal Code of Practice, section 281.

LEWIS, BEGLEY & LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

E. L. Medlock was cashier of the Bond State Bank of Bond, Kentucky, and was indicted for feloniously and fraudulently entering upon the bank books as a charge to the National Bank of Kentucky the figures $1,782.17 for the purpose of appropriating to his own use $1,000.00 of the money of the Bond Bank. On the trial of the indictment he was found guilty and his punishment fixed at two years' imprisonment. He appeals.

The proof shows clearly that the cashier in fact remitted on that day to the National Bank of Kentucky $782.17 and that he entered upon the journal as a credit to himself $1,782.17. But this proof alone was not sufficient to convict him. In order to convict him it was necessary for the Commonwealth to show that the entry was made wilfully, feloniously and fraudulently. To show this it was proper for the Commonwealth to show other fraudulent entries by Medlock as cashier made by him to conceal the fact that he had used the money of the bank. The proof on the trial showed a systematic mak-

ing of false entries on the books to conceal the insolvency of the bank, which he had brought about by using the money of the bank. The verdict of the jury is amply sustained by the evidence. The proof of other false entries, which were a part of the plan to conceal his defalcation, was properly admitted to show the intent with which the act charged was done. The court carefully instructed the jury that they could not consider this evidence for any other purpose in these words:

"The court instructs the jury that they are to take and consider the evidence as to any entries made by the defendant on the books of the bank in question, other than the one mentioned in instruction No. 1, and also the evidence as to the condition of the bank and its records and the removal of any such records from the bank by the defendant for the purpose only of showing the intent or purpose or motive of the defendant in making the entry in question, if he did make same, and the jury is instructed not to consider such testimony for any other purpose."

The evidence was properly admitted and the instruction cannot be complained of. Richardson v. Com., 166 Ky. 570.

The defendant had been previously indicted for receiving deposits knowing that the bank was insolvent. He was found guilty and the judgment was affirmed by this court. Medlock v. Com., 215 Ky. 98. He pleaded the judgment in that case as a former conviction of the offense charged here, and insists that this plea should have been sustained in view of the fact that a large part of the evidence introduced on that trial to show knowledge on his part of the insolvency of the bank was also introduced on this trial to show that he made the entry in question fraudulently. But the fact that the evidence on one trial may be used on another trial by no means shows that the two offenses are the same. In 16 C. J., p. 265, the rule on the subject is thus stated:

"A test almost universally applied to determine the identity of the offenses is to ascertain the identity, in character and effect, of the evidence in both cases. If the evidence which is necessary to support the second indictment was admissible under the former, was related to the same crime, and was

sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar. But if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed in the same transaction. If the evidence required to convict under the first indictment would not be sufficient to convict under the second, but proof of an additional fact would be necessary to constitute the offense charged in the second, then the former conviction or acquittal cannot be pleaded in bar to the second indictment.''

Clearly an additional fact was required to be proved in this case that was not required to be proved on the charge of receiving deposits with knowledge, that the bank was insolvent. Although the proof of this particular entry and its falsity may have been made on that trial, still the charge there made could have been sustained by proof of other facts. The charge of receiving deposits with the knowledge that the bank was insolvent might be sustained although no false entries had been made on the books. It was not necessary in order to make out that charge to show that the entry in question was false.

It is also insisted that the circuit court erred in ordering a jury to be summoned from another county. But under section 281 of the Code this is not subject to exception and cannot be complained of in this court. Frasure v. Com., 180 Ky. 274.

Judgment affirmed.