HIGGINS, Justice.
 

 The State appealed from the judgment ■of the district court sustaining the defendant’s plea of former jeopardy or autrefois -acquit.
 

 The accused contends that he was tried and acquitted by the jury of the same alleged crime for which the State now seeks to try him. The assistant district attorney argues that the offense now charged is .separate and distinct from the former ■ one and that the defendant has not been .acquitted thereof.
 

 In the first bill of information filed on May 13, 1941, it was alleged that on July .21, 1940, the defendant unlawfully received and had in his possession certain •property, knowing that the same had been feloniously stolen, taken and carried away; that the goods and chattels were the property of Goodman & Beer and consisted ..of the following:
 

 “Three (3) cases of Palmolive soap of the value of_________ $22.80
 

 One (1) case of.Lifebuoy soap, of the value of.............. 5.50
 

 One (1) case of Tuna fish, of the value of . ................ 6.00
 

 Four (4) cases of Magnolia Brand Milk of the value of.. 21.00
 

 A total value of fifty-five dollars and thirty cents......... ($55.30),
 

 in the lawful money of the United States of America. * * The defendant was arraigned and pleaded not guilty and the case was set for trial on May 21, 1941. The jury was impaneled and the information read to the members thereof. The assistant district attorney then made his opening statement to the jury to the effect that between Thursday, July 18, 1940 and Sunday, July 21, 1940, an employee of Goodman & Beer, ■ and a third party entered the warehouse of Goodman & Beer at 412-430 Front Street, New Orleans, La., and carried away the above described merchandise; that these parties then sold the stolen goods for a price less than one-half of its value to the defendant, who operates a retail grocery in the City of New Orleans; that the defendant knew that the merchandise had been stolen when he purchased it; and that the merchandise was found in his place of business, 9000 Pear Street, New Orleans, on July 21, 1940.
 

 The State placed on the - stand a witness who identified the merchandise as the property of Goodman & Beer and gave the value of the respective articles. Upon the defendant’s objection, the district
 
 *408
 
 judge ruled that the prosecution would' have to confine the evidence to the theft of the particular merchandise in question and the sale thereof to- the defendant and that he would not permit testimony as to thefts of other -goods - and sales thereof to the defendant. The assistant district attorney then offered as a State witness the former employee of Goodman & Beer, and he stated- -that over a period of time, particularly beginning July 18, 1940, he and his confederate, on different occasions, stole certain merchandise from the warehouse of Goodman & Beer. The defendant objected on the ground that the evidence should be confined to the theft of the goods in question and especially on July 21, 1940. The district judge sustained the objection excluding testimony tending to show the theft of goods on July 18, 1940. Whereupon, the assistant district attorney stated to the court that if he were not permitted to prove the theft of goods on July 18, 1940, the State would be compelled to abandon the prosecution and file a new information .covering that date. The State’s attorney did not move to either nolle prosequi the charge or to have the information amended. After the jury was instructed by the judge, the case was submitted to it, and a verdict of not guilty was returned.
 

 On June 27, 1941, the assistant district attorney filed another information wherein it was charged that on July 18, 1940, the defendant had in his possession, knowing the same -to have been stolen, the -identical specifically described merchandise oj Goodman & Beer set forth in the first bii] of information. ' In other words, the twoinformations were exactly alike, except for the dates. '
 

 When the defendant was arraigned on the second information, he filed a plea of * former jeopardy or autrefois acquit and on the trial thereof before the judge, the entire record in the first prosecution was filed in evidence. The issue before the court was whether or not the two bills of information charged one and the same crime against the same person, and whether or not he had been acquitted of the identical offense by the jury in the first prosecution. The district judgé sustained the plea of former jeopardy and discharged the accused, and the State appealed.
 

 The pertinent part of Section 9, Article 1 of the Constitution of 1921, reads:
 

 “* * *
 
 nor shall amy person be twice put in jeopardy of
 
 life or
 
 liberty for the same offense,
 
 except on his own application for a new trial, or where there is á mistrial, or a motion in arrest of, judgment is sustained.” (Italics ours.)
 

 See also Article 274, Code of Criminal Procedure.
 

 In the case of State v. Yokum, 155 La. 846, at page 854, 99 So. 621, at page 624, this Court, on the first rehearing, in interpreting Section 9 of Article 1 of the Constitution of 1921, stated:
 

 “In order for a plea of autrefois acquit or convict to prevail under section 9 of article 1 of the Constitution of 1921, 'the offense, that is, the criminal act of which the accused has been - acquitted or con-’
 
 *409
 
 victed, must be the same as the one for which he is being again prosecuted. However, this does not mean that the offense must be the same eo nomine. It is enough if the evidence required to legally secure a conviction on the charge preferred in the first indictment will be sufficient to convict on the charge preferred in the second, or if the offense charged in the first includes the one charged in the second, or if the one charged in the second includes the one charged in the first. This was so held under preceding Constitutions, containing provisions similar in all respects to the provisions contained in section 9 ■of article 1 of the Constitution of 1921, quoted above. State v. Vines et al., 34 La.Ann. 1079; State v. Williams, 45 La. Ann. 936, 12 So. 932; State v. Terry, 128 La. 680, 55 So. 15; Marr’s Criminal Jurisprudence (2d Ed.) § 488, p. 744, et seq. Since the provisions relative to former jeopardy contained in preceding Constitutions have been incorporated word for word in the present Constitution, the decisions cited above, rendered under the preceding Constitutions, are entitled to great might in interpreting the present organic law of the state. * * *
 

 “In our view, when the trial is by jury, jeopardy attaches, under the constitutional guaranty cited, the moment the jury is impaneled and sworn. * * * State v. Robinson, 46 La.Ann. 769, 15 So. 146. * * *” and other authorities.
 

 On the second rehearing, 155 La. at page 875, 99 So. at page 631, it was stated by the Court that:
 

 “ ‘Jeopardy’ is used in our state Constitutions to designate the danger of conviction and punishment which a defendant in a criminal prosecution -incurs, when a valid indictment has been found, or a valid information or complaint presented, and a petit jury has been impaneled and sworn to try the case and to give a verdict in a court of competent jurisdiction.
 

 “Under the jurisprudence of this state, when jeopardy has once begun, if the jury is set aside against the objection of the accused, he may successfully plead former jeopardy to another prosecution; that is to say that after the jury has been impaneled and sworn the accused has the right to insist that the jury be permitted to return a verdict on his plea. 1 Bish. Cr.Law, §§ 1014, 1015; 1 Whart.Cr.Law, § 590; State v. Paterno, 43 La.Ann. 514, 9 So. 442; State v. Robinson, 46 La.Ann. 769, 773, 15 So. 146; State v. Duvall et al., 135 La. 710, 65 So. 904, L.R.A.1916E, 1264.”
 

 The record leaves no doubt that the State, in the first instance, charged the accused with the crime of having stolen property in his possession, knowing the same to have been stolen, and that the identical offense is set forth in the second bill of information. This is made- clear be.cause both bills are drawn under the same statute and cover the same defendant, the same goods and the same owner, and the State will use the same evidence and testimony introduced and sought to be introduced in the first trial to prove the charge in the trial under the second information. Whether the particular mer
 
 *410
 
 chandise in question had been stolen on July 18, 1940, or July 21, 1940, was immaterial because all that the law required the State to prove was that the goods had been stolen and that the defendant had knowledge thereof before receiving and retaining possession of it on July 21, 1940. The assistant district attorney does not pretend that the same goods were stolen twice, first on the 18th of July, and second, on the 21st of July, 1940, and that the accused carfie into unlawful possession of the same goods after each of the thefts. It is clear that the defendant received and retained possession of the same alleged stolen property on one occasion only. While his unlawful possession continued over several days, he committed only one offense insofar as the particular merchandise is concerned. The unlawful possession of the goods by the defendant over a period of several days constituted a continuing offense and not a separate and distinct offense for each day that he retained the goods. Article 1306, Code of Criminal Procedure; . R.S. 832, Act 72 of 1898.
 

 In the case of State v. Roberts, 152 La. 283, 93 So. 95, 96, 24 A.L.R. 1122, the accused was charged in the district court of Bossier Parish with the unlawful possession and transportation of certain intoxicating liquor. He was tried and convicted. He appealed from the conviction and sentence. - He complained of the action of the trial court overruling his plea of autrefois convict of the same offense in the district court of Red River Parish, pleading the provisions of Section 9, article 1, of the Constitution of 1921. In reaching the conclusion that possession and transportation" of the intoxicating liquor in the-two parishes on the same day constituted, a single offense against the State and that it was a continuing one and only punishable once, the Court said:
 

 “The gravamen or the essence of the offense against the state was the possession and transportation of the liquor. The line dividing the parishes, from which and into which defendant transported the liquor, formed no essential element of tlje offense. The only importance the parish line could have in the matter would be for the determination of the question of venue or jurisdiction.
 

 “In Marr’s Criminal Jurisprudence, p. 580, it is said that identity of the offense is an essential element in support of a plea of autrefois. By this is not meant formal, technical, absolute identity; the rule is that there must be only substantial identity, that evidence necessary to support the second indictment would have been sufficient for the first. In the instant case there was not only substantial identity, but the identity of the possession and the transportation in the two parishes of the same liquor was absolute and conclusive. No more and no different evidence was required to support the charge in Bossier than was necessary to make out the case in Red River.”
 

 See also Art. 218 of the Code of Criminal Procedure.
 

 In the case of State v. Schiro, 143 La. 841, 79 So. 426, the accused was charged in an information filed on October 16,
 
 *411
 
 1917, with having on January 17, 1917, maimed one Angelo Gemelli. When arraigned, he pleaded autrefois acquit on the ground that he had been previously tried under an information filed on October 9, 1917, wherein he was charged with having maimed Angelo Gemelli on January 20, 1917, and found not guilty of the crime on October 16, 1917. The State contended that the charge contained in the second information did not cover the same offense set forth in the first information. It was shown that in the first trial, when the State attempted to prove that the offense was committed on January 17, 1917, the accused objected on the ground that in the information the offense was alleged to have been committed on January 20, 1917; that the trial judge sustained the objection and excluded the evidence tending to prove that the offense was committed on January 17 and not on January 20th; that the district attorney moved to amend the information in' order to have the allegations thereof conform to the facts; that the defendant objected and the court refused to permit the amendment to be made; that the State then moved for a nolle prosequi to which the defendant objected and the court again sustained the objection; and that as the State was unable to prove its case, the accused was acquitted. The trial judge maintained the defendant’s plea and the State appealed. This Court pointed out that as time was not the essence of the offense, the State had a right to amend the first information and that the trial court had erred in refusing the State permission to do so. The Court held that there had been committed only one offense and as the jury had acquitted the defendant thereof, even though the trial court erroneously sustained his objections, the plea of autrefois acquit was properly sustained by the trial judge and his judgment was affirmed.
 

 It will be noted that the facts in that case are very similar to but not as strong as those in the instant case.
 

 The defendant was tried under a valid information before a court of competent jurisdiction. He was arraigned and pleaded not guilty. He was tried and acquitted by the jury. It is our opinion that the plea of former jeopardy or autrefois acquit was properly sustained by the district court. Articles 277, 278 and 279, Code of Criminal Procedure.
 

 For the reasons assigned, the judgment appealed from is affirmed.