O’NIELL, Chief Justice
 

 (concurring in the result).
 

 The crime of possessing stolen goods, knowing that the goods were stolen, is a continuing offense. And that is the difference between this case and the case of State v. Schiro, 143 La. 841, 79 So. 426, where the defendant was accused of the crime of maiming a man, which, of course, is not a continuing offense. Schiro was first charged with committing the crime on January 20, 1917; and on the trial he objected successfully to the offering of evidence to prove that he had committed the crime on January 17, 1917. The district attorney then moved to amend the
 
 *412
 
 bill of information so as to charge that the crime was committed on January 17, but Schiro again objected, and his objection was sustained. The district attorney then moved to enter a nolle prosequi, but Schiro again objected, and his objection was sustained. The consequence was that Schiro was acquitted of committing the crime on the 20th of January. The district attorney then filed a bill of information accusing Schiro of committing the crime on the 17th of January, and he plead-, ed successfully that he had been acquitted of the crime. Justice Provosty and I dissented from the ruling, on the ground that, by the rulings which Schiro had invoked and insisted upon, he had avoided being put in jeopardy, on the former trial, for anything that he might have done on the 17th of January, because he had made it impossible for the jury to convict him of any-crime committed on the 17th of Jan-’ uary. He was not in jeopardy for any crime committed on that date, because he insisted that he should not be put in jeopardy, and hence was not acquitted of any crime committed on that date. In my dissenting opinion I quoted the following paragraph from 12 Cyc. 281, which distinguishes Schneller’s case from Schiro’s case — thus:
 

 “An acquittal.or a conviction of a crime is no bar to a subsequent indictment for the same offense or the same species of crime, where the latter is alleged to have been committed at a different date from that previously tried,
 
 unless the offense is continuous"
 
 [The italics are miné.]
 

 That quotation is repeated,' literally, in 16 C.J. 267, § 446; and, on the next page, in the beginning of § 447, it is said:
 

 “A prosecution for an offense which is a continuing one is a bar to a subsequent prosecution for the same offense charged to have been committed at any time previous to institution of the first prosecution.”
 

 The latter quotation fits the present case exactly. And both quotations are repeated, literally, in 22 C.J.S., Criminal Law, pp. 419 and 420, §§ 280 and 281.