William CENTERS and Allen Runion,
Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 14, 1958.

Davies & Hirschfeld, Newport, for appellants.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Appellants, William Centers and Allen Runion, were first indicted, convicted and sentenced to life imprisonment for the armed robbery of Walter Craddock. About two months after this conviction Walter Craddock died of gunshot wounds inflicted by appellants during the robbery. Appellants were then indicted, convicted and sentenced to life imprisonment for the murder of Walter Craddock. They appeal from the murder conviction. They contend that the trial court should have sustained their joint plea of former jeopardy and directed a verdict of not guilty. No other defense was made during the trial and no other question is presented to this Court.

Appellants contend that the evidence necessary to convict in each case is identical and that the crimes are identical except in name only, and that the first conviction is a bar to the second. This Court does not agree.

In 15 Am.Jur., Criminal Law, Section 380, it is said that the test of identity of offenses is whether the same evidence is

required to sustain them and it is further said as follows:

"Offenses are not the same if upon the trial of one proof of an additional fact is required, which is not necessary to be proved in the trial of the other *although some of the same acts may be necessary to be proved in the trial of each * * *.* (Emphasis ours).

"The fact that some single element of the offense charged may have a single element of some other offense as to which the defendant has previously been in jeopardy is not sufficient to support a plea of former jeopardy."

In Medlock v. Commonwealth, 216 Ky. 718, 288 S.W. 670, 671, this Court discusses the question of identity and adopts the following rule:

" 'A test almost universally applied to determine the identity of the offenses is to ascertain the identity * * * of the evidence in both cases. If the evidence which is necessary to support the second indictment was admissible under the former, was related to the same crime, and was sufficient, if believed by the jury, to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar. But if the facts, which will convict on the second prosecution, would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed in the same transaction. *If the evidence required to convict under the first indictment would not be sufficient to convict under the second, but proof of an additional fact would be necessary to constitute the offense charged in the second, then the former conviction or acquittal cannot be pleaded in bar to the second indictment.'* " (Our emphasis.)

It is quite obvious that proof of the shooting and victim's death would be necessary to sustain a murder conviction. Such proof was not necessary to sustain the former conviction of robbery.

It is therefore apparent, under the foregoing rule, that armed robbery and murder are not identical offenses although each is a part of one general transaction and although much of the same evidence is admissible in each case. See also Easley v. Commonwealth of Kentucky, Ky., —— S.W.2d ——.

The trial court properly denied appellants' motion for a directed verdict and the judgment is therefore affirmed.