*923 SANDERS, Justice
(concurring).
The defendant Comeaux was involved in a physical encounter with one Montagnet on March 20, 1965. The state filed a Bill of Information charging Comeaux with disturbing the peace and simple battery on Montagnet. The defendant was convicted and sentenced on these charges.
Later the state filed a second Bill of Information charging Comeaux with attempted murder of Montagnet based on the same encounter.
The defendant’s plea of former jeopardy raises the question as to whether a conviction of simple battery bars a second prosecution for attempted- murder based on the same set of facts. •
The statutory criteria for determining what constitutes a second prosecution for the same offense are set forth in LSA-R.S. 15:279, providing:
“* * * [T]he offense formerly charg.ed and that presently charged are either identical, or different grades of the same offense, or that the one is necessarily included in thé other.”
Thus, for double jeopardy to result, the charged offenses must be either (1) identical, (2) different grades of the same offense, or (3) such that the offense charged in either Bill of Information necessarily includes the offense charged in the other. The third criterion embodies a determination as to whether the second offense charged necessarily includes the one charged first. See State v. Schneller, 199 La. 811, 7 So.2d 66; State v. Foster, 156 La. 891, 101 So. 255; State v. Yokum, 155 La. 846, 99 So. 621; and 25 Tulane Law Review 405.
Simple battery and attempted murder are neither identical offenses nor different grades of the same offense. LSA-R.S. 14:29; LSA-R.S. 14:35. It is also quite clear that simple battery does not necessarily include attempted murder. Attempted murder requires a specific intent under LSA-R.S. 14:30, while simple battery does not.
The decisive question here is whether attempted murder based upon physical violence necessarily includes simple battery. I have concluded it does not.
LSA-R.S. 14:35 defines simple battery as “a battery, without the consent of the victim, committed without a dangerous weapon.” Absence of consent on the part of the victim is an essential element of the offense and must be proved.
Attempted murder is an attempt to kill a human being when the offender has a specific intent to kill or to inflict great bodily harm. LSA-R.S. 14:27; LSA-R.S. 14:30. In this crime, the consent of the victim is irrelevant. Absence of consent is not an essential element and need not be proved by the state. Evidence sufficient to convict of attempted murder would be insufficient to convict of simple battery. Hence, simple *925 ’battery ’ is'not- necessarily included in-attempted murder.
Since the plea of former jeopardy does not satisfy the statutory requirements, the’ trial judge correctly overruled it.
For the reasons assigned, I concur.