292 So.2d 505 (1974)
STATE of Louisiana ex rel. Ronald G. WIKBERG and Jackie F. Craven
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary.
No. 53377.
Supreme Court of Louisiana.
March 25, 1974.
*506 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., for defendants-respondents.
Anatole J. Plaisance, Lafayette, for plaintiffs-relators.
CALOGERO, Justice.
The defendants, Ronald G. Wikberg and Jackie F. Craven, were indicted for the murder of one Stanley Melancon. La.R.S. 14:30. Mr. Melancon was shot to death during an attempted armed robbery of his store in Lafayette on September 17, 1969. Defendant Craven was tried and convicted of murder on January 9, 1970. He was sentenced to death, which sentence was later commuted to life imprisonment. Defendant Wikberg entered a plea of guilty without capital punishment to the crime of murder, and was sentenced to life imprisonment.
Both defendants entered pleas of guilty to charges of attempted armed robbery arising out of the same incident. La.R.S. 14:64 and La.R.S. 14:27. Each was sentenced to be imprisoned for twenty-five (25) years on the attempted armed robbery charge, with those sentences to run consecutively with their life sentences for murder.
The statement of facts of the District Attorney, introduced into evidence by counsel for the defendants at the evidentiary hearing on this writ application in the district court indicates the following:
The defendants entered the store of the decedent and attempted to rob him of his money. Both defendants were armed. The decedent resisted the attempt to rob him and drew his own weapon, whereupon a gunfight ensued. During the gunfight, the decedent was fatally wounded. Ballistics examination revealed that the fatal shot was fired from the gun of the defendant, Wikberg.
In response to an application for a bill of particulars, the state indicated that both defendants were being prosecuted under the "felony murder" provision of La.R.S. *507 14:30,[1] which provided, at the time of this offense:
"Murder is the killing of a human being:
* * * * * *
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated arson, aggravated burglary, aggravated kidnapping, aggravated rape, armed robbery or simple robbery, even though he has no intent to kill."
We granted writs, 281 So.2d 750, to consider whether the conviction of these defendants for attempted armed robbery following their convictions for murder arising out of the same incident constitutes a violation of the prohibition against former jeopardy found in both the Louisiana and United States Constitutions.[2]
The Fifth Amendment to the United States Constitution provides, in pertinent part:
". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb . . ."
Article I, Section 9 of the Louisiana Constitution likewise provides:
". . . nor shall any person be twice put in jeopardy of life or liberty for the same offense, except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained."
The Federal double jeopardy guarantee has been held applicable to state prosecutions in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). This application is fully retroactive. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The scope of the federal constitutional guarantee is elaborated in North Carolina v. Pearce, supra, wherein it was stated:
"That guarantee has been said to consist of three separate constitutional protections, It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." (Emphasis added).
The Louisiana Code of Criminal Procedure defines double jeopardy in Article 591, which states:
"No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the *508 provisions of Article 775 or ordered with the express consent of the defendant."
The elusive concept of what constitutes "the same offense" for determination of whether the prohibition against double jeopardy has been violated has led to multiple judicially-created tests as well as legislative enactments. Our statutory double jeopardy requirements do not attempt to define with precision what is meant by the term "offense".[3] The many variations of the "same evidence" test and the "same transaction" test have been thoroughly discussed in the jurisprudence and by legal scholars, without a definite or satisfactory standard having emerged. See, e. g., the Official Revision Comment to Article 596 of the Code of Criminal Procedure; State v. Didier, 262 La. 364, 263 So.2d 322 (1972); Mayers and Yarbrough, Bis Vexari: New Trials and Successive Prosecutions, 74 Harv.L.Rev. 1 (1960); Comment, 75 Yale L.J. 271 (1965); Comment, 65 Yale L.J. 339 (1956); Comment, 32 La.L.Rev. 87 (1971); Comment, 21 La. L.Rev. 615 (1961).
These sources have extensively examined the history of the double jeopardy prohibition and the various tests used to implement it throughout our legal history, and no purpose would be served in embarking upon such a lengthy discussion here. Suffice it to say that none of the various tests has received universal acceptance.
Counsel for relators cites us to both the "same evidence" test and the "same transaction" test in support of defendants' claim that they have been twice placed in jeopardy.
The "same transaction" test was first enunciated by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). There, it was stated:
". . . where the same act or transaction constitutes a violation of two distinct statutory provisions . . . the test to be applied to determine whether there are two crimes, or only one is whether each provision requires proof of fact which the other does not."
While this test has been applied by many state and federal courts, it was not applied by a majority of the members of the United States Supreme Court in the recent case of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), despite its strong advocation by three members of that Court in a concurring opinion. 397 U.S. at 448, 90 S.Ct. at 1196. Nor has it been adopted by this Court, State v. Didier, supra. It has, however, been applied by the United States District Court for the Western District of Louisiana vacating a sentence previously upheld by a majority of the members of this Court. See Colle v. Henderson, 350 F.Supp. 1010 (W.D.La. 1972). Cf. State ex rel. Colle v. Henderson, 262 La. 1172, 266 So.2d 449 (1972).
In actuality, the "same transaction" test as applied does not very extensively from the variation of the "same evidence" test traditionally applied in Louisiana. That test holds that offenses are "the same" if the elements required to support a conviction upon one of the offenses would have been sufficient to warrant a conviction upon another.[4] See State v. Roberts, 152 La. 283, 93 So. 95 (1922); State v. Foster, 156 La. 891, 101 So. 255 (1924); State v. Schneller, 199 La. 811, 7 So.2d 66 (1942). Stated differently, where the gravamen of the second offense is essentially included within the offense for which first *509 tried, the second prosecution is barred because of the former jeopardy. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); State v. Didier, 262 La. 364, 263 So.2d 322 (1972); State v. Richmond, 284 So.2d 317 (La.1973); State v. Pettle, 286 So.2d 625 (La.1973).
Applying this test to the facts of the case before us, we conclude that to convict the defendants for attempted armed robbery following their conviction for felony-murder arising out of the same incident violates the prohibition against double jeopardy. This holding is required because of the nature of our felony-murder doctrine. In a prosecution under paragraph two (2) of La.R.S. 14:30, the state is relieved of proving intent to kill or inflict great bodily harm. This, in effect, deprives the defendant of several defenses which would be available in a prosecution for intentional murder. For example, a plea of accident, mistake and probably even self defense, is unavailing under the felony murder doctrine. The only requirements for conviction are the commission or attempted commission of the enumerated felony, and a resulting death. See, e. g., State v. Ghoram, 290 So.2d 850, La. decided Feb. 18, 1974.
It is therefore clear that, by definition, conduct which would not constitute the crime of murder under the first paragraph of R.S. 14:30 is punished as murder under the second paragraph of that statute. As a result, a defendant convicted of felony-murder is in fact being punished for the felony which he was perpetrating when the death occurred. He is "in jeopardy" (i. e., exposed to punishment) for the offense in the murder trial since conduct which at worst would render him guilty of manslaughter, and which at best might be noncriminal is punished as murder due to the existence of the enumerated felony.
Of course, an essential element of the state's proof of felony-murder is the commission or attempted perpetration of the enumerated felony. The enumerated felony is therefore a different grade of the same offense (or an included offense) for double jeopardy purposes. See C.Cr.P. Art. 596.
In most cases, the lesser grade or included offense is generically the same as the more severe crime charge, e. g., armed robbery and theft. In the case of felony-murder and felony-manslaughter, however, generically different offenses such as armed robbery and murder are combined into a single offense through a legal fiction, which fiction relieves the state of proving intent to kill or inflict great bodily harm. This difference may account for some of the confusion in the jurisprudence dealing with felony-murder and double jeopardy.
The district court and the state in brief both rely heavily on the decision of this Court in State v. Calvo, 240 La. 75, 121 So.2d 244 (1960), cert. denied, 364 U.S. 882, 81 S.Ct. 170, 5 L.Ed.2d 103. That reliance is misplaced.
Calvo also involved a prosecution under the felony murder statute. The defendants were tried and acquitted for a robbery-murder. They were then brought to trial on charges of simple robbery and conspiracy to commit simple robbery. Pleas of former jeopardy were entered and sustained by the trial judge and the State appealed. This Court reversed, holding essentially that since simple robbery and conspiracy to commit simple robbery were not responsive verdicts to a charge of murder, the defendants were never in jeopardy for the robbery charges in their murder trial.
It has already been pointed out that the penalties for felony-murder do take into account the commission of the enumerated felony, and therefore the defendant is "in jeopardy" (insofar as punishment is concerned) for the felony when tried for felony murder. Two additional factors also render Calvo inapplicable to the case at bar.
First, if Calvo were tried today, the opposite result would have to be reached due *510 to changes in the federal interpretation of the scope of the double jeopardy clause of the Fifth Amendment. At the time Calvo was decided, it had not yet been held that the double jeopardy prohibition of the Fifth Amendment was applicable to the states through the due process clause of the Fourteenth Amendment. That holding did not come until Benton v. Maryland, supra, and Ashe v. Swenson, supra. In the latter case the Court held that the doctrine of collateral estoppel was an element of double jeopardy, and was applicable to the states. Since there was no question in Calvo but that the victim was killed during the robbery, the defendant's acquittal on his murder prosecution could only mean that the jury did not believe that he was one of the robbers. A subsequent trial for robbery would be barred by the doctrine of collateral estoppel. Thus, Ashe would mandate a holding that the prohibition against double jeopardy was violated on the facts of the Calvo case today.
Furthermore, the rationale of the Calvo case, i. e., that the defendants were not in jeopardy for robbery in their felony-murder prosecution because robbery was not a responsive verdict to the crime of murder, has been rejected by our legislature.
Calvo was decided prior to the adoption of the new Code of Criminal Procedure in 1966. The comparable statutory provision to the present Article 596 of the Code of Criminal Procedure was contained in La. R.S. 15:279, which provided:
"To constitute former jeopardy it is necessary that . . . the offense formerly charged and that presently charged are either identical, or different grades of the same offense, or that the one is necessarily included in the other."
Interpreting this statutory language, the Court concluded:
"The term `jeopardy' as used in our law designates the danger of conviction and punishment which a defendant in a criminal prosecution incurs when a valid indictment or information has been found or complaint presented, and a petit jury has been empaneled and sworn to try the case and give a verdict in a tribunal of competent jurisdiction." 121 So.2d at 247.
The Court then concluded that since responsive verdicts of guilty of simple robbery and guilty of conspiracy to commit simple robbery were not available in the defendant's trial for murder, the defendants had never been in jeopardy on these charges.
Perhaps in response to this Court's opinion in Calvo, the Legislature specifically rejected the responsive verdict requirement in adopting the new Code of Criminal Procedure. Art. 596 of our present Code provides:
"Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial." (emphasis added)
The Official Revision Comment to that article makes it clear that the language emphasized was designed to broaden the protections afforded by our statutory double jeopardy prohibition by eliminating the responsive verdict requirement.[5]
*511 It should be made clear that nothing in this opinion is intended to indicate that in no event can an offender who goes on a crime spree and violates numerous statutory provisions be prosecuted for more than one offense without violating the prohibition against double jeopardy. See the examples of valid prosecutions of multiple crimes committed within a narrow time span in the recent cases of State v. Richmond, supra, and State v. Pettle, supra. Nor do we mean to imply that one who robs and then kills his victim cannot be prosecuted for both crimes. To do so, however, the state must prosecute the murder indictment solely under the intentional murder, rather than the felony-murder, paragraph of the La.R.S. 14:30. And, needless to say, even where the prohibition against double jeopardy bars prosecution for both felony murder and the enumerated felony the State may prosecute for violation of either offense, at its option.
For the reasons assigned, the writs of habeas corpus issued herein are made absolute, and the convictions and sentences of Ronald G. Wikberg and Jackie F. Craven for the crime of attempted armed robbery are reversed and vacated. The relators are remanded to the custody of the Louisiana Department of Corrections to serve their sentences for murder.
SANDERS, C. J., dissents and assigns written reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents and assigns reasons.
SANDERS, Chief Justice (dissenting).
On September 17, 1969, Ronald Gene Wikberg and Jackie F. Craven, the relators, armed with pistols, entered the Melancon Grocery in Lafayette, Louisiana. Craven pointed his pistol at Stanley Melancon and demanded his money. A gun battle ensued in which Melancon was killed. Wikberg was arrested a few minutes later. Craven was arrested the next day.
After trial, Craven was convicted of murder. Wikberg entered a plea of guilty without capital punishment.
Later, both defendants pleaded guilty to attempted armed robbery.
Today, the majority sets aside the conviction of attempted armed robbery, on the ground that the relators were in jeopardy for attempted armed robbery in the murder prosecution. Hence, the separate prosecution for armed robbery was double jeopardy, requiring the attempted armed robbery convictions be set aside. I disagree.
Both the United States Constitution and the Louisiana Constitution provide that no person shall be put in jeopardy twice "for the same offense." Fifth Amendment of the United States Constitution; Article I, Section 9 of the Louisiana Constitution of 1921. Thus, the guarantee protects a person, who has been convicted, from a second prosecution for the same offense.
*512 I find it impossible to agree that attempted armed robbery and murder are the same offense, though they may be closely related in point of time. The offenses are composed of different elements and are based upon different conduct.
The majority assumes that the initial prosecution and conviction here were based solely on the felony-murder doctrine, that is, a homicide committed while the defendant was engaged in the perpetration of an armed robbery. This assumption is apparently based upon the State's answer to a motion for a bill of particulars by Ronald G. Wikberg, in which the State responded as follows:
"The State claims that the defendant, Ronald Gene Wikberg, now lodged in the Lafayette Parish Jail, did personally shoot and kill the deceased and further that he and the other two accused were participating in a felony during the time Stanley Melancon was killed and further states that between 6:00 p. m. and 7:45 p. m. Wikberg, Craven and Broussard planned to rob one Stanley Melancon at his place of business located at 520 South Magnolia Street in the City of Lafayette, Louisiana."
I find nothing in this answer restricting the prosecution to the murder-felony doctrine. See R.S. 14:30(2). On the contrary, the answer indicates that the prosecution was under both sections of the murder article. See State v. Rowan, 233 La. 284, 96 So.2d 569 (1957). We, of course, do not know on what basis the jury convicted the defendants.
Assuming, however, that the murder-felony doctrine was one of State's theories in the prosecution, it does not follow that the attempted armed robbery and the murder were the same offense.
In State v. Calvo, 240 La. 75, 121 So.2d 244, cert. den., 364 U.S. 882, 81 S.Ct. 170, 5 L.Ed.2d 103 (1960), this Court held that a prior prosecution for felony-murder did not bar a subsequent trial for simple robbery.
The Court reasoned:
"To justify a plea of former jeopardy the two offenses must be the same in both law and fact; . . . There exists no analogy or affinity of ingredients and essentials in the offenses of murder and that of robbery or criminal conspiracy."[1]
More recently, in State v. Didier, 262 La. 364, 263 So.2d 322 (1972), we approved the basic holding of State v. Calvo in the following language:
"In State v. Calvo we also noted that, `To justify a plea of [double] jeopardy the two offenses must be the same in both law and fact.' 121 So.2d 250. A similar test is set forth by us in State v. Comeaux, 249 La. 914, 192 So.2d 122, wherein we likewise rejected a plea of double jeopardy as to a subsequent prosecution arising out of the same factual incident."
It is true that The United States Supreme Court has adopted the doctrine of collateral estoppel since the Calvo decision. See Ashe v. Swenson, 397 U.S. 436, 90 S. Ct. 1189, 25 L.Ed.2d 469 (1970). The present case, however, does not involve collateral estoppel.
It is also true that Article 596 of the Louisiana Code of Criminal Procedure has eliminated the responsive verdict requirement for double jeopardy. The basic holding of State v. Calvo, however, that robbery and felony-murder are not the same offense for purposes of double jeopardy is unaffected.
In State v. Hall, 86 Idaho 63, 383 P.2d 602 (1963), the Supreme Court of Idaho, exhaustively reviewing the jurisprudence throughout the country, held that a conviction *513 of felony-murder did not bar a prosecution for robbery. The Court stated:
"The crime of murder may be committed without the commission of any of the felonies named in the statute, and the allegations that the homicide was committed while its perpetrators were engaged in a robbery does not charge that the robbery was the manner or means by which the murder was accomplished. The murder was charged to have been committed by means of a gun. The robbery was alleged only as a condition or circumstance characterizing the murder as first degree. The robbery was not an `included offense' in the murder charge. It is clear from the statutory definitions, supra, that murder and robbery are separate, distinct and independent crimes. Neither is the `same offense' as the other, within the constitutional provision against double jeopardy, and a prosecution for one does not bar a subsequent prosecution for the other on that ground. (citing numerous decisions from all jurisdictions).
. . . . . .
"In Centers v. Commonwealth (Ky.) 318 S.W.2d 57, the defendants were convicted of armed robbery. Thereafter the victim died of wounds inflicted during robbery and they were convicted of murder. The Kentucky court upheld the conviction as against a plea of former jeopardy and, quoting from Medlock v. Commonwealth, 216 Ky. 718, 288 S.W. 670, said:
"`If the evidence which is necessary to support the second indictment was admissible under the former, was related to the same crime, and was sufficient, if believed by the jury, to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar. But if the facts, which will convict on the second prosecution, would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed in the same transaction.'" 318 S. W.2d at 58.
. . . . . .
"In Gavieres v. United States, 220 U. S. 338, 31 S.Ct. 421, 55 L.Ed. 489, the Supreme Court of the United States quoted with approval from Morey v. Commonwealth, 108 Mass. 433, as follows:
"`A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. at 490.
"The above is followed in Blockberger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.
"In Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 the Supreme Court upheld the Oklahoma Criminal Court of Appeals in a case in which the petitioner was convicted of murder, sentenced to life imprisonment, and thereafter (on a plea of guilty to a charge of kidnaping the murder victim) was sentenced to death. The court said:
"`And in view of the obvious fact that, under the law of Oklahoma, kidnaping is a separate crime, entirely distinct from the crime of murder, the court's consideration of the murder as a circumstance involved in the kidnaping *514 crime cannot be said to have resulted in punishing petitioner a second time for the same offense, nor to have denied to him due process of law in violation of the Fourteenth Amendment.' 358 U.S. 576, 79 S.Ct. at 427, 3 L.Ed.2d at 523.
"In State v. Moore, 326 Mo. 1199, 33 S.W.2d 905, after plea of guilty and sentence for murder, the defendant was prosecuted for a robbery arising out of the same transaction. The court held that double jeopardy was not involved, and said:
"`We reiterate that our Constitution and the common law proscribe a second jeopardy for the same offense. Murder and robbery are not and cannot be the same offense. It may be that during the same transaction both offenses are committed, yet they remain separate and distinct offenses and are not the same offense. It may be that on a trial for either offense evidence as to the other offense is admissible as a part of the res gestae, but this does not constitute them the same offense. Distinct and separate offenses are not to be held merged because they happen to grow out of the same transaction.' 33 S.W.2d at 907."
As a basis for setting aside the convictions, the majority has adopted the "same transaction" test. This test has been widely criticized, because any sequence of conduct can be characterized as one transaction. Transaction is an amorphous concept. See Comment, 75 Yale L.J. 262, 276 (1965); Comment, 32 La.L.Rev. 87, 92 (1971). This Court has expressly rejected the test. See State v. Calvo, supra; State v. Roberts, 170 La. 727, 129 So. 144 (1930); State v. Montcrieffe, 165 La. 296, 115 So. 493 (1928); State v. Hill, 122 La. 711, 48 So. 160 (1909); State v. Barrett, 121 La. 1058, 46 So. 1016 (1908). Minnesota, on the other hand, adopted the test but later abandoned it as unworkable. See State v. Fredlund, 200 Minn. 44, 273 N.W. 353 (1937).
In the present case, no better test can be found than that set forth in the federal and state constitutions: Are the criminal offenses the same? Are they identical? See LSA-C.Cr.P. Art. 596; State v. Roberts, supra; State v. Foster, 156 La. 891, 101 So. 255 (1924). When this test is realistically applied, the answer must be in the negative.
I would uphold the convictions.
For the reasons assigned, I respectfully dissent.
SUMMERS, Justice (dissenting).
Apparently applying the "same evidence" test traditionally applied in Louisiana, the majority sets aside these pleas of guilty of attempted armed robbery. In its conclusion the majority announces that to convict the defendants for attempted armed robbery following their conviction for felony-murder arising out of the "same incident" violates the prohibition against double jeopardy.
There is no substantial identity between these two charges. The evidence necessary to support the charge of attempted armed robbery would not be sufficient to support the charge of murdermurder requires a killing, attempted armed robbery does not. State v. Roberts, 152 La. 283, 93 So. 95 (1922). The two offenses are not the same in fact; nor are they the same in law. U.S.Const. 5th Amend.; La.Const. Art. I, § 9; La.Code Crim.Proc. art. 814-815; La.R.S. 14:27, 14:30, 14:64.
The "same evidence" test requires that the evidence necessary to support the second indictment would have been sufficient for the first. State v. Roberts, supra. In the instant case this test is not met. For the foregoing reasons and for the reasons assigned by the Chief Justice in his dissent, double jeopardy is not satisfied here.
However, even if the test for double jeopardy were satisfied, in my opinion it may not be urged after a plea of guilty. *515 Immunity from double jeopardy is for the benefit of the accused. It is a personal privilege, or constitutional right, a defense which the accused may waive. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Berg v. United States, 176 F.2d 122 (9th Cir. 1949), cert. denied, 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537; Caballero v. Hudspeth, 114 F.2d 545 (10th Cir. 1949); State v. Coats, 17 N.C. App. 407, 194 S.E.2d 366 (1972); Barnett v. Gladden, 237 Or. 76, 390 P.2d 614 (1964).
It is now well settled by all authority that when a person knowingly and voluntarily pleads guilty, the plea is a waiver of all defenses except jurisdictional defects patent on the face of the record. Brady v. United States, supra; State v. Valentine, 259 La. 1019, 254 So.2d 450 (1971) and the many cases cited there, together with the many cases decided by the federal courts and this Court cited in West's La.Digest.
So an accused waives his right to claim double jeopardy by pleading guilty. United States v. Hoyland, 264 F.2d 346 (7th Cir. 1959), cert. denied, 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83 rehearing denied, 361 U.S. 904, 80 S.Ct. 212, 4 L.Ed.2d 159; People v. Lynch, 40 A.D.2d 856, 337 N.Y. S.2d 763 (1972); Hightower v. Hand, 186 Kan. 377, 350 P.2d 31 (1960); Norwood v. State, 3 Ga.App. 325, 59 S.E. 828 (1907); Barnett v. Gladden, supra. This result is based upon the rationale that where the defendant in a criminal action pleads double jeopardy an issue of fact arises. But where the defendant enters a plea of guilty, no issue of fact can arise, since by pleading that he is guilty of the crime charged defendant admits every fact in the indictment.
Thus, ". . . by a plea of guilty, all averments of fact are admitted, all defects not jurisdictional are cured, all defenses are waived and the prosecution is relieved from the duty of proving any facts." Berg v. United States, supra; 22 C.J.S. Criminal Law § 277. In Smith v. Cox, 435 F.2d 453 (4th Cir. 1970) the proposition was stated as follows:
"And even it petitioner's acts could have been treated as constituting the commission of a single crime on the theory that Melton was custodian of Mills' safe, its contents and other merchandise, petitioner may not now claim that he was placed in jeopardy twice. Having pleaded guilty to the indictments, petitioner may not now go beyond the facts alleged therein and admitted by him and complain about how he may have been charged, or the theories under which he may have been convicted had he elected to stand trial on pleas of not guilty. We hold, therefore, that petitioner was not placed in double jeopardy, because he was charged and admitted to guilt of two separate offenses."
For these reasons the defense of double jeopardy is not jurisdictional. People v. Barry, 153 Cal.App.2d 193, 314 P.2d 531 (1957), cert. denied, 355 U.S. 956, 78 S.Ct. 542, 2 L.Ed.2d 532.
While Article 362(6) of the Code of Criminal Procedure prescribes that if a person in custody is being held by virtue of a court order, he shall be discharged if "He is in custody by virtue of a sentence for an offense for which he could have successfully pleaded double jeopardy and failed to do so;" it is not the intention of this article to do more than approve habeas corpus as a vehicle for asserting the right to double jeopardy. The right to raise that defense by habeas corpus was not established prior to the enactment of Article 362(6). State v. Klock, 45 La.Ann. 316, 12 So. 307 (1893); 3 Wharton, Criminal Procedure ¶ 2235 (1957). The article does not purport to say that once the right to double jeopardy has been waived by a guilty plea or otherwise, it may be again asserted by habeas corpus in a post conviction remedy. To the contrary, as the Comment to the article makes clear:
"The reason for the necessity of some sort of delimitation as to the scope of inquiry *516 in habeas corpus cases where the person is being held under a court order is to prevent the writ from being used in lieu of appeal or to reopen matters settled or waived at the trial, including irregularity, ruling on evidence, and the basic question of innocence. (emphasis added).
Thus, because the authorities hold that a plea of res judicata is waived by a plea of guilty, it cannot be asserted at this time.
I respectfully dissent.
MARCUS, Justice (dissenting).
I do not consider that defendants were in jeopardy for attempted armed robbery in the prosecution for murder under R.S. 14:30. Accordingly, I respectfully dissent.
NOTES
[1] In answer to the defendant's application for a bill of particulars, the prosecution indicated that the defendants were engaged in the perpetration of a felony (armed robbery) when a gunfight ensued and one of the defendants shot and killed the decedent. The fair import of this answer is that the state was prosecuting the defendants under subsection (2) of La.R.S. 14:30.
[2] In brief, counsel for relators raises several issues which he raised for the first time in the evidentiary hearing in the district court. That hearing was held pursuant to an order of this Court dated April 19, 1973, which stated:

"On considering the petition of the relators in the above entitled and numbered cause,
"IT IS ORDERED that the Honorable Carrol L. Spell, Judge of the Fifteenth Judicial District Court, Parish of Lafayette, hold an evidentiary hearing forthwith, to determine if the offense `attempted armed robbery' and the offense of `murder' arose out of a `continuous offense' or same transaction for the purpose of determining the validity of the plea of double jeopardy, and make a determination of the merits after the hearing."
Pursuant to that order, a hearing was held in the district court, following which Judge Spell ruled that the prohibition against double jeopardy was not violated in this case. From that ruling, a renewed application for a writ of habeas corpus was made to this Court and was granted. Since Judge Spell conducted the evidentiary hearing below in accordance with the mandate of this Court on the double jeopardy issue, we conclude that the double jeopardy issue is the only one properly before this Court at this time, and the other issues argued in brief are not considered.
[3] See the text of Article 596 of the Louisiana Code of Criminal Procedure, infra.
[4] This test has been denominated the "required evidence test". The first United States decision to apply the test was Morey v. Commonwealth, 108 Mass. (12 Browne) 433 (1871), where the test was formulated as follows: "A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other." (Emphasis added). See Comment, 75 Yale L.J. 271 (1965).
[5] The Official Revision Comment to Article 596 provides in pertinent part:

"(b) . . .
3. The basic test in Art. 279 of the 1928 Code of Criminal Procedure should be retained, but the requirements of responsiveness should not be retained.
(c) The first part of Clause (1) of the above Art. 596 is simply a statement of the last clause of Art. 179 of the 1928 Louisiana Code. The second part of Clause (1) however, rejects the responsive verdict requirement contained in the former Art. 279. It is rejected because of the confusion which it causes in light of the restricted permissible verdicts rule introduced into Louisiana Law by Act 161 of 1948, amending former R.S. 15:386. It has been suggested in Louisiana Legislation of 1948 Criminal Law and Procedure, 9 La.L.Rev. 41 (1948), that the 1948 amendment did not affect substantive rights of double jeopardy. Thus, it would appear that a person could successfully plead double jeopardy under this article in a second trial, although on the first trial he could not have been convicted of the offense charged in the second trial because of the restrictive nature of the permissive verdict statute (Act 161 of 1948). It is admitted that this produces an odd result, since in the first trial the defendant was never in jeopardy of the offense charged in the second trial because he never could have been convicted of it in the first trial. However, this article is based on the conclusion that the responsive verdict concept in the field of double jeopardy is incompatible with the statutory restruction on permissible responsive verdicts.. . ." (Emphasis added)
[1] This decision was commented upon favorably by Dr. Dale E. Bennett, an eminent authority on criminal procedure, in 21 La.L. Rev. 370 (1961).