(50 South. 661.)

No. 17,729.

STATE v. VARNADO et al.

(Nov. 15, 1909.)

CRIMINAL LAW (§ 184*)—FORMER JEOPARDY—DISCHARGE OF JURY BECAUSE OF ILLNESS OF JUDGE—EFFECT.

The discharge of the jury without verdict, after the reading of the indictment in a capital case, on the ground of the illness of the judge, and the likelihood of his inability for several days to hold court, is from necessity, under the rule that there is no jeopardy when the discharge of the jury is from necessity.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 333; Dec. Dig. § 184.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Will Varnado and another were tried for a capital offense, and the jury was discharged without verdict. From a judgment denying a motion to discharge defendants on the ground that they had been placed in jeopardy, they appeal. Affirmed.

Thomas P. Sims and J. B. Webb, for appellants. Walter Guion, Atty. Gen., Wm. H. McClendon, Dist. Atty., Reid, Purser & Reid, and Thomas M. Bankston (R. G. Pleasant, of counsel), for the State.

PROVOSTY, J. After the jury had been impaneled and sworn, and the indictment read to them, they were discharged without verdict rendered, owing to the judge being ill and not likely to be well enough for several days to hold court. Defendants now claim that they were put in jeopardy by said mistrial, and cannot be put in jeopardy a second time, and should be discharged. It is well recognized that there has been no jeopardy when the discharge of the jury has been from necessity. State v. Robinson, 46 La. Ann. 773, 15 South. 146. And it is clear that there is such necessity when, as in the present case, the trial being for a capital offense, the jury cannot be allowed to separate, and would have to be kept together indefinitely to await the recovery of the judge. 12 Cyc. 271; People v. Hunckeler, 48 Cal. 334. No provision has been made by our law for some one else to take the place of the judge in such a case.

Judgment affirmed.