MOISE, Justice.
The defendant prosecutes this appeal from a conviction and sentence for having committed a battery on one Sidney Davilla, for which he was sentenced to serve a term of seven months in the Parish Prison. His appeal is based on one bill of exception pleading that there is an invasion of his constitutional right set out in Article 1, § 9 of the Constitution of Louisiana of 1921, which provides, in part:
“Nor shall any person be twice put in jeopardy of life or liberty for the same offense, except on his own application for a new trial, or where there is a mistrial, or a motion in arrest of judgment is sustained.”
The defendant alleges that he was previously convicted and sentenced by the judge of Division “E” of the Criminal District Court for the Parish of Orleans to pay a fine of $25, and to serve 30 days in jail for the same offense and tried on the identical facts upon which his present conviction by the judge of Section “A”, of the Criminal District Court, Parish of Orleans, is based.
The trial judge, in his per curiam to the bill of exception, made the following findings:
“* . * * there were several distinct batteries committed by appellant on several persons, * * * and * * * each of these batteries * * * were distinct and separate offenses.”
The accused relies on the case of State v. Roberts, 152 La. 283, 93 So. 95, 97, 24 A.L.R. 1122, as authority for his complaint that he is being placed in jeopardy twice for the same offense. In ordering the accused discharged in the Roberts case supra, the court held:
“ * * * the possession and transportation of the same intoxicating liquors in the two' parishes on the same day, the defendant having gone from one parish into the other with said liquors, constituted but a single offense against the state, and while it was a continuing offense and punishable in either parish, the defendant cannot be prosecuted in both parishes. Having been previously convicted and sentenced in Red River parish, the defendant was not subject to prosecution for the same offense in Bossier Parish.”
The prosecution in the Roberts case was under Act No. 39 of 1921 of the Extra Session of 1921, which was passed at the time the Eighteenth Amendment'of the Constitution of the United States was in force.
In State v. Yokum, 155 La. 846, 99 So. 621, 624, this Court discussed the plea of *905 autrefois acquit or convict and stated on the first rehearing:
“In order for a plea of autrefois acquit or convict to prevail under section 9 of article 1 of the Constitution of 1921, the offense, that is, the criminal act of which the accused has been acquitted or convicted, must be the same as the one for which he is being again prosecuted. However, this does not mean that the offense must be the same eo nomine. * * * ”
In the case of State v. Foster, 156 La. 891, 101 So. 253, 258, the Court reiterated that
“ ‘The test whether the plea of autrefois acquit is a sufficient bar in any particular case is whether the evidence 'necessary to support the second indictment would have been sufficient to have procured a legal conviction on the first.’ ”
See also: 25 T.L.R. 405, 11 La.L.R. 467; State v. Schneller, 199 La. 811, 7 So.2d 66, State v. Richardson, 220 La. 338, 56 So.2d 568.
■Article 1, § 9 of the Constitution of Louisiana and the cases cited standing alone can be confusing. A study of the whole jurisprudence relating to a plea of autrefois acquit or convict will stabilize the law, and the meaning of the constitutional provision will become clear and unambiguous. For example, a defendant would be placed in jeopardy, if he were twice charged and convicted for a battery on the same person, and the same witnesses were permitted to testify at both trials. However, if the same witnesses appear and testify identically in both prosecutions, and two separate trials are held for the same crime committed against different persons, there is no jeopardy, and the plea of autrefois acquit or convict cannot be maintained.
In the instant case, Peter Ysasi committed two distinct batteries, both stemming from the same disturbance, by assaulting two different persons and committing a battery on each. The fact that both batteries were committed at the same place and at approximately the same time of necessity required the same witnesses that were used in the first prosecution to testify and prove the second battery on another person. In other words, as in the cases cited, where two offenses had been committed against two persons within approximately a few seconds of each other; the same witnesses who were on the scene at the time of the first offense are the only ones that can be legally employed to prove the second battery committed on another person. The principles of law and the constitutional provisions would be interpreted in the same manner — whether it be two batteries or two murders. The principle invoked here has been applied by analysis of the constitutional provisions and the following cases — -State v. Montcrieffe, 165 La. 296, 115 So. 493; State v. Roberts, 170 La. 727, 129 So. 144, and State v. Carter, 206 La. 181, 19 So.2d 41. This *907 •construction is within the keeping of the •conservatism of common sense.
The procedure followed by the State does not constitute the placing of the accused twice in jeopardy for the same crime against the same person.
The judgment of conviction and sentence is affirmed.