72 So.2d 265 (1954)
225 La. 74
STATE
v.
ROBERSON.
No. 41293.
Supreme Court of Louisiana.
November 9, 1954.
On Rehearing March 22, 1954.
*266 Dale, Richardson & Dale, Baton Rouge, by W. C. Falkenheiner, Ferriday, and Nathan M. Calhoun, Vidalia, for defendant.
Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., D. W. Gibson, Dist. Atty., Harrisonburg, for respondent.
LE BLANC, Justice.
In the course of trial of this defendant before a jury on an indictment for aggravated battery, one of the jurors, according to the minutes of Court, "manifested a serious illness and was removed from the jury box." On motion of the District Attorney, the district judge ordered a mistrial and the case was reassigned for trial at a later date. The jury that was sitting on the case was then discharged.
When the case was called for trial on the date of re-assignment, counsel for the defendant filed a plea of former jeopardy which was heard and overruled, whereupon he applied to this Court for writs of certiorari, prohibition and mandamus.
On representations made in the application, based on common-law authority to the effect that there had to be a judicial determination of the necessity for the discharge of a jury and that a court could not arbitrarily determine such a question, the writs were granted.
Our attention was never directed until later to a provision of our Revised Statutes, LSA-R.S. 15:283, one of the sections of the Code of Criminal Procedure, which controls us in reviewing the action of the lower court on an issue of this kind. The section reads as follows:
"No court, before sentence, shall, either under its appellate or supervisory jurisdiction, review any ruling made on the trial of any plea of former jeopardy."
Under this statute it is clear that the defendant cannot have his plea considered by this Court prior to his conviction, if ever he is convicted, and prior to the imposition of sentence by the trial judge. It is evident that if he should be acquitted there will be no necessity or reason for him to persist in his plea of former jeopardy.
The writs were improvidently and inadvertently granted and they must now be recalled.
For the reasons stated it is ordered that the writs of certiorari and prohibition heretofore granted herein be, and they are hereby recalled and set aside and it is further ordered that the case be remanded to the district court for further proceedings according to law.

On Rehearing.
MOISE, Justice.
The accused, W. W. Roberson, was charged with aggravated battery. A jury was impaneled, and during the course of the trial one of the jurors became seriously ill and had to be removed from the jury box and sent to the hospital. Thereupon, the District Attorney moved for a mistrial, which was granted, no objection being made by the defendant at the time. The jury was discharged, because it would have been patently illegal for the Court to attempt to try a felony with eleven jurors. Thereafter, the case was again fixed for trial, and the accused filed a motion to dismiss on the grounds of former jeopardy. The motion was overruled. Writs were applied for and granted by this Court. On original hearing we held that the writs were improvidently and inadvertently granted, because our attention had not been directed to LSA-Revised Statutes 15:283, which reads:
"No Court, before sentence, shall, either under its appellate or supervisory jurisdiction, review any ruling made on the trial of any plea of former jeopardy."
*267 A rehearing was applied for and granted. The matter is now under a reconsideration by us on rehearing.
We feel that under Article 7, §§ 2 and 10, of the Constitution of 1921, this Court has plenary power to exercise its supervisory jurisdiction. State v. Doucet, 199 La. 276, 5 So.2d 894.
The defendant contends that a person had been placed in jeopardy as soon as a jury has been formed and the indictment read to him, and discussion is necessary on this contention. The accused is, therefore, to a degree correct in arguing when jeopardy had commenced, but there are always exceptions to a general rule, and to find the exception we have not very far to look. The LSA-Revised Statutes 15:276 provides:
"The accused can avail himself of the plea of former jeopardy only under such circumstances as would enable him to sustain the plea of former acquittal or of former conviction." State v. Ysasi, 222 La. 902, 904, 64 So. 2d 213.
and LSA-Revised Statutes 15:278 further provides:
"After jeopardy has begun, the arbitrary dismissal of the jury, without cause and without the consent of the accused, operates as an acquittal."
The accused here could not urge a plea of a former acquittal nor could he urge that he was formerly convicted, because both would be untrue. The action of the trial judge in ordering a mistrial was not without cause. So speaks the District Judge on the subject:
"Juror Ellis became ill in the early morning of February 11, 1953, in the sleeping quarters provided for the Jury, and his physician, Dr. Herman Gibson was called and administered treatment to the Juror; Dr. Gibson informed your respondent that the Juror Ellis was suffering from a heart condition but was of the opinion that the juror would be able to serve provided that a recess would be called at intervals when the Juror appeared to be tiring or ailing.
"On the second day of the trial and only a short time after the beginning of the taking of testimony, the Juror Ellis was again stricken while in the jury box and he was removed and placed in an adjoining room on a table and his physician, Dr. Herman Gibson was called and administered treatment to the Juror, and the Doctor informed the Court Mr. Ellis was a very sick man and that it was necessary that he be taken to the hospital; the Doctor sent the Juror to the Natchez (Miss.) General Hospital, Natchez, Miss., and accompanied him there; the defendant and his counsel and the D. A. together with the remaining jurors were all present when the D. A. moved that a mistrial be entered due to the illness of the Juror Ellis and the defense made no objection to the said motion and which was granted and a mistrial entered; your Respondent further shows that he visited the Juror Ellis on the afternoon of the same day at the Hospital in Natchez, Miss., and the Juror was being given oxygen and lying under an oxygen tent at that time."
LSA-R.S. 15:397 vests the trial judge with the power to order a mistrial in certain cases. It reads:
"The judge may, without the consent of the defendant, discharge the jury though no verdict has been rendered, and order the entry of a mistrial, whenever satisfied after the jury has deliberated, that the jurors will be unable to agree, or whenever any cause exists which would warrant the setting aside of the verdict were the case allowed to go on and a verdict to be rendered."
In the case of State v. Varnado, 124 La. 711, 50 So. 661, this Court stated:
"After the jury had been impaneled and sworn, and the indictment read *268 to them, they were discharged without verdict rendered, owing to the judge being ill and not likely to be well enough for several days to hold court. Defendants now claim that they were put in jeopardy by said mistrial, and cannot be put in jeopardy a second time, and should be discharged. It is well recognized that there has been no jeopardy when the discharge of the jury has been from necessity. State v. Robinson, 46 La.Ann. [769] 773, 15 So. 146. And it is clear that there is such necessity when, as in the present case, the trial being for a capital offense, the jury cannot be allowed to separate, and would have to be kept together indefinitely to await the recovery of the judge. * * * No provision has been made by our law for some one else to take the place of the judge in such a case."
The defendant contends that our law makes provision for someone to take the place of an ill juror, and that the above case is not apposite.
LSA-Revised Statutes 15:362 provides that when the court, in its discretion, thinks that the trial may be protracted, it may direct the selection of one or two additional jurors to be known as alternate jurors.
In this case, there was no indication that the trial would be protracted. The statute is not mandatory. Therefore, the trial judge was under no duty to appoint alternate jurors.
The safest rule of interpretation is to look to the nature and object of the particular powers, duties and rights with all the lights and aid of contemporaneous history, and to give to the words such operation and force consistent with their legitimate purposes as may fairly secure and attain the ends proposed.
The Bill of Rights was ordained to fairly effectuate for mankind the democracy of the home, the republicanism of the fireside, and to perpetuate a protection for the law-abiding as well as the lawless. Circumstances which were not the fault of the Judge, the State, the accused and the jury, interfered with the finding of a judgment of conviction or acquittal, and mistrial was properly ordered. The accused did not ask for an acquittal, neither did he object to the ordering of a mistrial.
For the reasons assigned, our former decree is reinstated and the case is remanded to the lower court for further proceedings according to law.