341 So.2d 362 (1976)
STATE of Louisiana
v.
Joseph COTTON.
No. 58196.
Supreme Court of Louisiana.
December 13, 1976.
*363 Frank J. Gremillion, Hynes & Gremillion, Baton Rouge, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Warren J. Hebert, Asst. Dist. Atty., for plaintiff-relator.
SUMMERS, Justice.
On February 22, 1974 Joseph Cotton, Paul "Pony Cat" Smith and Reynard Bell plotted to burglarize a mobile home structure located on a used car lot at 6274 Scenic Highway in the Parish of East Baton Rouge. About six o'clock that evening Cotton and Bell approached the structure from the rear, pried a small window open and gained entrance. Smith pried the front door open and joined them.
As they were rummaging through the contents in search of money, they heard a vehicle approaching. Arthur C. Brister, who operated the car lot and used the mobile home as an office, arrived. He was accompanied by Charles David and Pierre Brignac, two fishing companions. They were returning a boat and trailer to Brister's shed nearby.
Brister then approached the mobile home and saw that the door was open. He called to his companions saying the mobile home was all messed up. As David and Brignac approached to examine the damage, a tall black man armed with two pistols appeared in the doorway of the mobile home. When Brister called out, "Wait a minute", the tall man shot him in the chest. Brister fell to the ground mortally wounded.
David ran from the scene as two smaller black men, later identified as Joseph Cotton and Reynard Bell, emerged from the mobile home. As David ran around the mobile home, he thought the two smaller black men were chasing him but, when he fell to the ground, the two smaller men ran past him and into a nearby field and disappeared. It was then that Smith, the taller of the three, who had shot Brister, approached David and demanded his wallet at gunpoint. When he obtained the money he fled.
Cotton was arrested on February 26, 1974. He was charged with the armed robbery of David, tried, convicted on June 27, 1974 of simple robbery, and sentenced to five years at hard labor. On appeal his conviction was affirmed by this Court. See 341 So.2d 355.
The instant prosecution was instituted by a grand jury indictment filed on April 17, 1974 charging Cotton with the second degree murder of Brister. A defense motion *364 to quash the indictment was filed on the ground of double jeopardy. The motion alleged that the prosecution of Cotton for second degree murder was an effort to prosecute for an offense which was substantially and legally identical with the offense for which he was convicted on June 27, 1974. The motion was heard and sustained on January 6, 1975. Certiorari was granted on the State's application for review of the ruling.
The right against double jeopardy is embodied in the Federal and State Constitutions. U.S.Const. Amend. V; La.Const. art. I, § 9 (1921); La.Const. art. I, § 15 (1974); Wickberg v. Henderson, 292 So.2d 505 (La.1974). It is the guarantee against a second prosecution for the same offense after acquittal; against a second prosecution for the same offense after conviction; and against multiple punishments for the same offense.
The principle is stated in Article 591 of the Code of Criminal Procedure:
"No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant."
and, by the terms of Article 596,
"Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
When judged by these principles the facts before us do not present a case of double jeopardy. According to the State's answer to a defense application for bill of particulars, the State intended to rely in this prosecution upon the proposition that "[a]ll persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals." La.Rev.Stat. 14:24.
In this light, the actions of Smith, who shot and killed Brister, makes Cotton a principal to that offense. The offense charged is second degree murder defined as follows:
"Second degree murder is the killing of a human being: . . .
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill."
Further, in answer to the defense application for bill of particulars, the State advised that it would not contend that at the time of Brister's death the defendant was engaged in the crime of simple robbery. It is indicated, therefore, that the State's reliance would be that Brister was killed while Smith was engaged in the perpetration of aggravated burglary. Aggravated burglary is a crime which can be committed by the unauthorized entering of any structure with intent to commit a theft therein while armed with a dangerous weapon. La.Rev.Stat. 14:60. If Smith was guilty of second degree murder Cotton, as a principal, was likewise guilty of the same offense.
From the facts available to the Court on this record, and the record of Cotton's conviction of simple robbery, Cotton was convicted of simple robbery on the thery that Smith committed a simple robbery of David, and Cotton was likewise guilty of the same offense as a principal. This follows because Cotton was concerned in the commission of the crime and was guilty even though he did not directly commit the act of robbery. La.Rev.Stat. 14:25.
The question presented is whether double jeopardy will result from this prosecution for second degree murder because Cotton has been convicted of simple robbery for *365 the events which occurred at the car lot on the night of February 22.
Louisiana applies the "same evidence" test in determining if a second trial constitutes double jeopardy. This test holds that offenses are the same if the elements required to support conviction upon one of the offenses would have been sufficient to warrant a conviction upon another offense. That is to say, where the gravamen of the second offense is essentially included within the offense for which first tried, the second prosecution is barred because of former jeopardy. State v. Smith, 323 So.2d 797 (La.1975); City of Baton Rouge v. Jackson, 310 So.2d 596 (La.1975); State ex rel Wickberg v. Henderson, 292 So.2d 505 (La.1974).
The "same evidence" rule is not intended to indicate that an offender, who goes on a crime spree and violates more than one criminal statute within a short time span, cannot be prosecuted for more than one offense without violating the prohibition against double jeopardy. State ex rel Wickberg v. Henderson, supra.
Examples of valid prosecutions for multiple crimes committed within a narrow time span may be found in our decisions in State v. Pettle, 286 So.2d 625 (La.1973); State v. Richmond, 284 So.2d 317 (La.1973); State v. Ysasi, 222 La. 902, 64 So.2d 213 (1953); State v. Cannon, 185 La. 395, 169 So. 446 (1936).
In the case at bar the two offenses committed by Smith, the killing of Brister and the robbery of David, for which Cotton is responsible as a principal, were committed on different victims and at different times in different locations. The proof of the second degree murder charge will not need the evidence which was required to establish the simple robbery of David. The gravamen of the second degree murder offensethe killing of Bristerwas not necessary to Cotton's conviction of simple robbery.
The cases relied upon by the defense are distinguishable in important particulars. In State v. Bonfanit, 262 La. 153, 262 So.2d 504 (1972), for instance, the defendant was prosecuted for simple battery for throwing a juvenile girl to the ground and putting his hand under her dress. Thereafter he was prosecuted for indecent behavior with the same juvenile for the same conduct. We held that the second prosecution was barred by the guarantee against double jeopardy.
The same is true of the case of State v. Didier, 262 La. 364, 263 So.2d 322 (1972), where the Court held that a conviction of malfeasance in office barred prosecution for simple robbery and theft where the acts of malfeasance were the identical robbery and theft.
In the case at bar, however, the offense did not involve the same victim or the same conduct, even though in the case before us the two offenses occurred in a short time span.
The most persuasive language of this Court to which reference can be made to support this decision is to be found in State v. Richmond, 284 So.2d 317, 322 (La.1973). There we said:
"In the case at bar, essentially the same evidence was used in both prosecutions. The purpose for which the evidence was used, however, was very different. Evidence of the murder of Mrs. Adams at the initial trial of the defendant for the murder of Mr. Adams was introduced merely as part of the res gestae. The conviction of the defendant for the murder of Mr. Adams in no way required proof that the defendant also killed Mrs. Adams. Likewise at the trial for the murder of Mrs. Adams evidence that the defendant also killed Mr. Adams was admissible as part of the res gestae, but formed no part of any essential element of the State's case. In neither instance was the defendant at any time in jeopardy for the murder of the other victim. As pointed out above, the State had no alternative under our law but to proceed as it did."
In addition to the fact that the records now before us do not indicate that double jeopardy will occur by prosecuting Cotton for second degree murder, it should be noted that the State advised the defense in *366 furnishing a bill of particulars that other evidence, not yet before us, will be used in this prosecution.
For the reasons assigned, the ruling of the trial judge maintaining the plea of double jeopardy is overruled and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.