344 So.2d 980 (1977)
STATE of Louisiana
v.
Thomas R. BUCKLEY.
No. 58699.
Supreme Court of Louisiana.
April 11, 1977.
Robert E. Piper, Jr., Piper & Brown, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., E. L. Edwards, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
In a bill of information numbered 30719, filed on June 25, 1975, the District Attorney of DeSoto Parish charged appellant Thomas R. Buckley with distribution of marijuana on April 25, 1976, in violation of Section 966(A) of Title 40 of the Revised Statutes. After having been found guilty by a jury on November 25, 1975 appellant was sentenced on December 10, 1975 to imprisonment for ten years at hard labor, to run consecutively with the sentence imposed as a result of a prior conviction on November 6, 1975. Three errors are urged on appeal.

Assignment 4
Appellant asserts that he has twice been convicted of the same offense and has by reason thereof been subjected to double jeopardy, contrary to the United States and Louisiana Constitutions. U.S.Const., amend. V; La.Const. art. I, § 15 (1974); La.Code Crim.Pro. arts. 591-98.
The facts upon which the decision in this case is based disclose that Trooper Gary *981 Bordelon of the Louisiana State Police was working as an undercover narcotics agent assigned to the parishes of Red River and DeSoto. He obtained information from "Henry" an employee at a service station near Patrick's Truck Stop where Bordelon worked, that appellant was one of the area's biggest "pushers". After arranging to see appellant, on April 24, 1975 he contacted him at his house, and, in a brief discussion, asked him to come outside. Appellant came out and brought what appeared to be two marijuana joints, lit them and passed them to Bordelon and the men with him standing near Bordelon's car. Bordelon then inquired if appellant had any "bags" of marijuana to sell. He was told that no marijuana was available at that time, but appellant was to get a shipment the next day, April 25. They arranged for appellant to come at noon the next day to Patrick's Truck Stop in Armistead where Bordelon was working to deliver the one bag Bordelon wanted to buy.
When appellant did not show up, Bordelon returned to appellant's house that evening and asked him why he hadn't shown up. Appellant replied that he was late in getting the shipment, but when queried by Bordelon replied that he had "bags" to sell. Bordelon then left, drove down the road and returned a short time later at which time he purchased marijuana in a clear plastic bag, paying $10.
Bordelon again left appellant's house and immediately placed the plastic bag in an evidence envelope, sealed it and put it in his brief case which he locked in the trunk of his car. He later delivered the evidence envelope to Agent Price in Shreveport.
Appellant also refers this Court to a former conviction on November 6, 1975 for distribution of marijuana, wherein he received a sentence on December 10, 1975 of five years at hard labor. He directs the Court to the record in the November 6, 1975 conviction pointing out that the testimony of Trooper Bordelon on that trial disclosed that the charge in the November 6, 1975 conviction involved the same offense; that both convictions used virtually the same evidence; and there was only one transaction, one sale of marijuana.
Trooper Bordelon testified at the November 6, 1975 trial that he contacted defendant in the manner related in the November 25, 1975 trial in order to make a purchase of marijuana. On the first occasion defendant stated that he did not have any marijuana for sale. They arranged to meet the next day, April 25, at 12 o'clock at Bordelon's place of employment, Patrick's Truck Stop. Appellant did not show up at that time, so Bordelon returned to his house that evening and then purchased one bag of marijuana in a clear plastic bag from appellant for $10. Bordelon then sealed the bag in an evidence envelope and later gave it to Agent Price in Shreveport. On the basis of the foregoing evidence appellant was convicted in the November 6 trial. The conviction and sentence were affirmed by this Court.
The basis for the two separate charges is made clear by reference to the preliminary examination held on July 31, 1975, a hearing in which three charges then pending against appellant were consolidated. These charges involved the distribution of the marijuana cigarettes on April 24, referred to in the above testimony and two charges for distribution on April 25 involving the purchase of two bags of marijuana. At that time Trooper Bordelon testified substantially as set forth herein. The important evidence which the preliminary examination makes clear is Bordelon's testimony that on April 25 when he purchased the first bag of marijuana he said:
"I just think we left the residence and drove down the road a short distance and I got to thinking and said well, I believe I will go get another bag, so I turned around and went back."
In this testimony Bordelon said he then went back to appellant's house and told him he needed another bag of marijuana, which defendant sold to him for $10. The bag, he said, looked like the first one. Bordelon then went to town with the two bags of marijuana which he later delivered to Agent Price.
*982 From all of this evidence the pertinent fact bearing upon the issue of double jeopardy is that Bordelon purchased one bag of marijuana from the defendant for $10 about 6 o'clock on the night of April 25. This purchase is the basis of the conviction of November 6, 1975. He then got in his car and drove down the road a short distance, turned around and returned to defendant's house where he got out of his car, walked to the house and purchased a second bag of marijuana for $10. This second purchase is the basis for the conviction of November 25, 1975.
The protection against double jeopardy is embodied in the Federal and State Constitutions. U.S.Const., amend. V; La.Const. Art. I, § 15 (1974); State v. Cotton, 341 So.2d 362 (La.1976); State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La.1974). It is the guarantee against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction; and against multiple punishments for the same offense.
The principle is stated in Article 591 of the Code of Criminal Procedure:
"No person shall be twice put in jeopardy of life or liberty for the same offense, except when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant."

and, by the terms of Article 596,
"Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
Louisiana applies the "same evidence" test in determining if a second trial constitutes double jeopardy. This test holds that offenses are the same if the elements required to support conviction upon one of the offenses would have been sufficient to warrant conviction upon another. That is to say, where the gravamen of the second offense is essentially included within the offense for which first tried the second prosecution is barred because of former jeopardy. State v. Cotton, 341 So.2d 362 (La.1976); State v. Smith, 323 So.2d 797 (La.1975); City of Baton Rouge v. Jackson, 310 So.2d 596 (La.1975); State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La.1974).
The "same evidence" rule is not intended to indicate that an offender, who goes on a crime spree and violates more than one criminal statute within a short time span, cannot be prosecuted for more than one offense without violating the prohibition against double jeopardy. State ex rel. Wikberg v. Henderson, supra.
Examples of valid prosecutions for multiple crimes committed within a narrow time span may be found in this Court's decisions. E.g. State v. Cotton, 341 So.2d 362 (La. 1976); State v. Fettle, 286 So.2d 625 (La. 1973); State v. Richmond, 284 So.2d 317 (La.1973); State v. Ysasi, 222 La. 902, 64 So.2d 213 (1953); State v. Cannon, 185 La. 395, 169 So. 446 (1936).
In the case at bar two separate sales of marijuana were made by defendant at different times. While the transactions were markedly similar and essentially the same evidence was used in both prosecutions, they were indeed separate, both in time and with respect to the object of the salea separate and distinct package of marijuana. Although the time span separating these sales or offenses was narrow it was sufficient to isolate them and set them apart.
There is no merit to this Assignment.

Assignment 5
Defendant contends that the findings of the jury were manifestly erroneous and contrary to the law and evidence. Defendant was entrapped is one reason for this contention, the other being that two State witnesses were not present to corroborate the testimony of the State's only witness, *983 Trooper Bordelon. Thus it is asserted the presumption arises that the testimony of the absent witnesses would be unfavorable, or, in effect, that they would have contradicted Trooper Bordelon's testimony.
The entrapment issue is not argued on appeal.
As the presumption issue is understood, the defense contention is that Section 432 of Title 15 of the Revised Statutes establishes a presumption ". . . that evidence under the control of a party and not produced by him was not produced because it would not have aided him. " Therefore, the State's failure to produce two witnesses who were with Trooper Bordelon on the occasion of his visits to defendant's house results in a presumption that these witnesses would contradict Bordelon's testimony. When this presumption is considered in juxtaposition to Bordelon's testimony the result is that his testimony, presumptively contradicted, was not sufficient evidence to overcome the presumption of innocence in favor of the accused and support the jury finding of guilt.
This assignment amounts to a contention that the jury's finding of fact on the question of guilt or innocence was in error, a contention this Court cannot consider. This Court cannot review fact questions in criminal cases. Only where there is no evidence at all that a crime has been committed is a question of law presented which gives this Court jurisdiction on appeal, for in criminal cases our review is limited to questions of law only. La.Const. art. V, § 5(C) (1974).
As the narrative of fact in this opinion makes clear, there was some evidence of the crime charged, and this Court does not delve into the sufficiency of that evidence that is a question of fact.

Assignment 6
Again the defendant contends "The evidence was legally insufficient to convict defendant." As the treatment of Assignment 5 makes plain, sufficiency of evidence on a question of guilt or innocence is not a matter within this Court's appellate jurisdiction.
For the reasons assigned the conviction and sentence are affirmed.
CALOGERO, J., dissents.
DENNIS, J., dissents. The short separation in time between the two transactions and other circumstances convince me that to treat this as an additional offense rather than a continuation of the offense for which defendant was previously convicted would constitute a denial of due process and perversion of the legislative intent.