673 So.2d 1341 (1996)
STATE of Louisiana
v.
Lloyd EARNEST.
No. 95-1689.
Court of Appeal of Louisiana, Third Circuit.
May 8, 1996.
*1342 Michael Harson, Lafayette and Kim R. Hayes, Asst. Dist. Atty., for the State of Louisiana.
Margareta Maria Lahme, Lafayette, for Lloyd Earnest.
Before DOUCET, C.J., and THIBODEAUX and DECUIR, JJ.
DOUCET, Chief Judge.
On March 20, 1995, the defendant, Lloyd Earnest, pled guilty to distribution of crack cocaine, a violation of La.R.S. 40:967. On September 19, 1995, the district court sentenced Earnest to five years at hard labor, two of them suspended with active supervised probation.
The defendant now appeals, alleging double jeopardy and excessive sentence.
The defendant's brief alleges the following facts:
Various items, including contraband and $7,143.00 cash, were seized from Earnest on July 30, 1993.
On October 20, 1993, the defendant filed a rule to show cause, attempting to have the cash returned. The lower court denied the motion.
On May 1, 1994, the state issued a warrant of seizure for forfeiture. The defendant filed an answer opposing forfeiture of the cash. The state then filed a rule to strike the answer, as defendant could not afford to file a bond as required by law.
The record shows the state filed the bill of information on April 21, 1994. Earnest initially pled not guilty.
The record does not contain the forfeiture procedure referred to by the defendant. It is not clear from the record whether the forfeiture was completed. The briefs indicate a forfeiture occurred.

DOUBLE JEOPARDY
In this assignment, Earnest complains that his conviction constitutes double jeopardy, because the earlier forfeiture was a punishment for the same offense.
The state's counter-argument rests upon three bases, the first two being procedural. First, the state contends that the defendant failed to file his appeal motion within five days of the court's ruling on the motion to reconsider sentence, as required by La.Code Crim.P. art. 914.
The record shows that the denial of the motion to reconsider was signed on September 29, 1995. The district judge signed the grant of the appeal motion on October 5, 1995. September 29, 1995 was a Friday. Since La.Code Crim.P. art. 13(3) excludes legal holidays from prescriptive periods less than seven days, the intervening weekend did not count against Earnest. The granted motion was filed on October 6, the fifth day of the prescriptive period. Thus, the appeal motion was timely.
*1343 The state's second argument is that because no double jeopardy motion was filed at the district level, the trial court never had an opportunity to adjudicate the issue. On this basis, the prosecution urges that Earnest's argument "should be rejected and/or considered waived." The record supports the state's factual allegations. Apparently, the double jeopardy issue did not arise until it was assigned as error for appeal.
However, La.Code Crim.P. art. 594 states:
Double jeopardy may be raised at any time, but only once, and shall be tried by the court alone. If raised during the trial, a hearing thereon may be deferred until the end of the trial.
La.Code Crim.P. art. 531, comment (d) observes:
(d) Art. 261 of the 1928 Louisiana Code of Criminal Procedure listed "former jeopardy" as a plea to the merits, along with the basic defenses of "not guilty" and "insanity." Under Art. 532 below, double jeopardy is raised by a motion to quash if raised at the arraignment. The defense of double jeopardy, like the defense of time limitations, is determined by the trial judge. When it is urged prior to trial, it is most conveniently presented as a ground for the all-embracive preliminary motion to quash. Both double jeopardy and time limitations are defenses which may be raised at any time, but only once. When raised during or after the trial, those defenses will be urged by other motions setting forth the defenses and will be disposed of in conformity with appropriate provisions of Title XVII, Time Limitations, or Title XVIII, Double Jeopardy, respectively.
La.Code Crim.P. art. 535, comment (b)(3) states that:
(3) Trial for the offense would constitute double jeopardy.
Double jeopardy may be raised at any stage of the proceedings, but only once. Art. 594. If this defense is not raised prior to trial by a motion to quash it may be urged during the trial by a motion in arrest of judgment (Art. 859(6)), upon appeal (Art. 920(2)), or by habeas corpus (Art. 362(6)) [prior to 1980 amendment; see now, generally, C.Cr.P. art. 930.3].
Louisiana courts have repeatedly held that even an unqualified guilty plea does not bar a subsequent double jeopardy claim. See State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990). Double jeopardy is a "jurisdictional defect," that is, one that calls into question the sitting court's power to hear the case. State v. Dubaz, 468 So.2d 554 (La. 1985). Therefore, Armstrong's failure to raise the issue in the district court would not constitute a waiver. However, because this court has nothing on record to review, the present case presents a mechanical problem at the appellate level.
The current record contains none of the forfeiture proceedings or motions cited by the defendant. More information is needed before this court can apply the proper test, which was recently explained in State v. Johnson, 94-1077, p. 8 (La.1/16/96), 667 So.2d 510:
The Supreme Court in [U.S. v.] Halper [490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)] afforded guidance for federal double jeopardy analysis, but there have been many and varied interpretations of Halper, Austin [v. U.S., 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993)], and [Dep't of Rev. v.] Kurth Ranch [___ U.S. ___, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994)]. This Court has adopted the Halper guidelines in cases outside the forfeiture arena. See e.g., Butler v. Department of Public Safety and Corrections, 609 So.2d [790] at 795-96 [(La.1992)]. As noted earlier, the Halper analysis calls for application of the two-part test, namely, does the civil penalty (1) impose a sanction overwhelmingly disproportionate to the damages the offender has caused and (2) bear no rational relation to the goal of compensating the government for the costs it has incurred in investigating and prosecuting the violation. Halper, 490 U.S. at 449, 109 S.Ct. at 1902. Only if the specific penalty satisfies both of these conditions will it violate double jeopardy prohibitions. Halper and Austin demonstrate that civil sanctions may advance punitive and remedial goals at the same time. Accordingly, *1344 we conclude that, under the federal constitutional principles articulated in Halper, Austin, and Kurth Ranch, a civil sanction is prohibited to the extent, and only to the extent, that it cannot fairly be characterized as remedial. Conversely, to the extent that a remedial purpose is served, the civil sanction does not constitute "punishment" within the meaning of the double jeopardy clause, unless the sanction is in effect so disproportionate to the government's losses that it can be explained only as serving deterrent or retributive purposes. However, the rule is one of reason, namely, is the sanction not overwhelmingly disproportionate to the damages caused and does the sanction bear a rational relation to the goal of compensating the government for its loss. If the answers to these inquiries are in the affirmative, then, under our analysis of the Supreme Court opinions and other decisions, civil seizures or takings of property by the government will not constitute "punishment" for the purposes of double jeopardy analysis. [Footnotes omitted.]
In light of Johnson's language, the current record lacks sufficient information for a double jeopardy review. Nor would ordering the records of the forfeiture proceeding supply a sufficient basis for review, under Johnson, because double jeopardy was not an issue at the time of the forfeiture hearing.
For the sake of a clear and definitive analysis, the trial court must be given an opportunity to conduct a hearing to develop facts related to the compensation/double jeopardy issues, such as, whether a forfeiture occurred, and the extent of the state's expenses for the underlying investigation. The district court and this court can then analyze these issues in light of Johnson.
Accordingly, this case is remanded for a hearing on the double jeopardy issue, applying the test used in Johnson and 1979 Cadillac Deville. Since the current assignment is properly before the court on appeal, no new appeal will be required if defendant seeks review of an adverse decision on this issue.
Exercising our supervisory jurisdiction, we remand for such a hearing and determination....
If the trial court determines that she had the capacity to stand trial, the matter will be returned to us for consideration of her appeal.
State v. Decuire, 602 So.2d 194, 196 (La.App. 3 Cir.1992).
This remand is for the limited purpose of conducting an evidentiary hearing as to double jeopardy. La.Code Crim.P. art. 916. See also State v. Magouirk, 561 So.2d 801, 806 (La.App. 2 Cir.), writ denied, 566 So.2d 983 (La.1990).
If double jeopardy did occur, the criminal charge will be barred as second punishment.

EXCESSIVE SENTENCE
Additionally, the defendant claims his sentence was excessive. We will defer consideration of this claim, pending the district court's analysis of the double jeopardy issue. A finding of double jeopardy below will render the excessiveness claim moot.

ERRORS PATENT
We have reviewed the record for errors patent, although the claim of double jeopardy may render such errors moot.
La.Code Crim.P. art. 871(A) requires that the sentence appear in the court minutes. While the minutes do contain defendant's sentence, the numbers given do not agree:
A plea of guilty was entered of record in this matter on March 20, 1995 and a presentence investigation was ordered. Sentencing of the defendant being regularly scheduled for this day, finds the defendant present with his counsel, Margareta Lahme. Defense counsel files letter dated 12/14/94 into the record as D-1. The Court having read the presentence report, the recommendations and citing reasons, now sentences the defendant to serve a term of five (5) years at hard labor under the direct supervision of the Louisiana Department of Corrections, with all but two (3) years being suspended, after which he will be placed on three (2) years of active supervised probation. The Court has no objection to be housed in a halfway house. The State has not made this recommendation.
*1345 The error is merely typographical. Additionally, it is well-settled that the transcript controls over the minutes. Consequently, there is no real doubt as to the actual sentence Earnest received. However, the trial court is ordered to correct the minutes to avoid any further possible confusion.
La.Code Crim.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody before the imposition of sentence. The record shows that the trial court did not do so. Thus, this court will amend the sentence to reflect that the defendant is given credit for time served before the execution of the sentence. La.Code Crim.P. art. 882(A). Resentencing is not required. However, the case is remanded to the trial court with instructions to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 1994); 640 So.2d 561, writ denied, 94-1455 (La. 3/30/95); 651 So.2d 858.

CONCLUSION
This case is remanded for a hearing on the double jeopardy issue, analyzed in light of Johnson and 1979 Cadillac Deville. If double jeopardy occurred, the criminal charge will be barred and the appeal will be ordered dismissed.
If the trial court concludes there was no double jeopardy violation, the record, supplemented with the transcript of the evidentiary hearing and the trial court's ruling, is to be relodged with this court for consideration of the issues presently before this court on appeal. Since the current assignments have been properly raised on appeal, no new appeal will be necessary. Additionally, the trial court is directed to amend defendant's sentence and the minutes of sentencing, to reflect credit for time served and correction of the typographical error indicating the proper term of probation. La.Code Crim.P. art. 880.
REMANDED WITH INSTRUCTIONS.