11 YELVERTON, Judge.
On March 26, 1997, Joe Walker, Jr. was convicted after a trial by jury of second degree murder, aggravated kidnapping, and armed robbery, violations of La.R.S. 14:30.1, La.R.S. 14:44, and La.R.S. 14:64, respectively. On May 30, 1997, defendant was sentenced to life imprisonment without benefits on the second degree murder conviction only. He was not sentenced on the armed robbery and aggravated kidnapping charges. Therefore, only the murder conviction is before us.
^Defendant appeals alleging eight assignments of error. Because one assignment requires us to reverse the conviction and remand for a new trial, we will not discuss the other assignments.

ASSIGNMENT OF ERROR NO. 5

By this assignment, defendant claims that a comment made by the trial judge to the jury after they requested the trial judge to define manslaughter was “clearly a comment on the evidence, improper, and prejudiced the jury against the defendant as was evidenced by the ... unanimous verdict on the charge of Second Degree Murder based on the Felony Murder Doctrine.”
In the original jury charges the trial judge told the jury that manslaughter was a responsive verdict to second degree murder and that on their “form” they would have three choices, guilty of second degree murder, guilty of manslaughter, and not guilty. He did not define manslaughter. The jury retired to deliberate at 10:40 a.m. The court brought the jury back at 1:33 p.m. because they had written a note requesting that “the definition of the charges and the lesser charges” be read to them. In open court, after the judge had read several definitions and was about to release the jury again, the jury representative spoke up and asked, “Could you define manslaughter?” Responding to that request, the judge immediately read the statutory definition of manslaughter, then added:
And the reason I did not give you the definition of manslaughter earlier, but I told you that you could find guilty, but it just doesn’t fit this set of facts (sic) ... but it’s always available to you, if you choose to do it ...
IsThe jury was then sent back to resume its deliberations. It was 1:53 p.m. Court reconvened at 2:31 p.m. to hear the verdict, which was guilty of second degree murder.
In his brief, the defendant claims this remark violated the no-judge-eomment rule of La.Code Crim.P. art. 772 and was clearly prejudicial to him. We agree.
Article 772 provides:
The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.
The no-judge-comment rule is designed to safeguard the role of the jury as the sole judge of the facts on the issue of guilt or innocence. State v. Hodgeson, 305 So.2d 421 (La.1974). Thus, if the effect of a comment is to permit a reasonable inference that it expresses or implies the judge’s opinion as to the defendant’s innocence or guilt, this constitutes a violation of the defendant’s statutory right to no-comment and thus requires reversal. State v. Green, 231 La. 1058, 93 So.2d 657 (1957). To constitute reversible error, however, the effect of the improper comment must be such as to have influenced the jury and contributed to the verdict. State v. Johnson, 438 So.2d 1091 (La.1983).
*306 Under La.Code Crim.P. art. 814(A)(3), when a defendant is charged with second degree murder, the responsive verdicts available to the jury are: guilty (as charged), guilty of manslaughter, or not guilty. It is obvious from the jury’s two specific requests for the trial court to define manslaughter, the first request in writing and the second verbalized in open court, that they wanted the definition of that |4offense. The trial court’s comment that the definition of manslaughter did not fit the facts of the case may have influenced the jury in such a way that the defendant lost his chance of the lesser verdict of guilty of manslaughter. The jury wanted to know the definition of manslaughter and 38 minutes later its vote was unanimous for conviction of second degree murder. Believing the trial judge to be more knowledgeable in the law, the jury very likely believed that he meant what he said: that manslaughter did not fit the facts of defendant’s case as a matter of fact. This was a comment on the evidence, inadvertent, probably, but nevertheless real.
The defendant did not contemporaneously object to this comment. Upon the jury’s return with the verdict, but before the verdict was read, defense counsel objected to the court’s comment. The trial court did not entertain the objection since it was not made at a time when the trial court could have corrected any error. This court recognizes an exception to the contemporaneous objection rule when the trial judge’s remarks to the jury are extremely inflammatory and prejudicial, requiring a reversal. See State v. Colligan, 95-880 (La.App. 3 Cir. 8/7/96); 679 So.2d 184.
For the foregoing reasons, we must reverse the conviction on the charge of second degree murder and remand the ease for a new trial.
REVERSED AND REMANDED.