778 So.2d 1192 (2001)
STATE of Louisiana
v.
Joe L. WALKER, Jr.
No. 00 01028-KA.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
*1193 Van Hardin Kyzar, District Attorney, Natchitoches, LA, Counsel for State of Louisiana.
Paula Corley Marx, Louisiana Appellate Project, Lafayette LA, Counsel for Joe L. Walker, Jr.
Court composed of YELVERTON, DECUIR, and AMY, Judges.
DECUIR, Judge.
The Defendant, Joe L. Walker, Jr., was convicted of second degree murder, aggravated kidnapping, and armed robbery in a 1997 trial. He was sentenced to life imprisonment on the second degree murder charge, and no action was taken on the kidnapping and robbery convictions. Walker appealed his conviction for second degree murder and, finding judicial error, this court reversed. See State v. Walker, 97-1180 (La.App. 3 Cir. 3/6/98); 710 So.2d 304.[1] During the course of that appeal, the trial court informed the appellate court that the convictions for aggravated kidnapping and armed robbery had been vacated.[2] Consequently, the Defendant was never sentenced on those charges, nor did he appeal the convictions.
Upon remand, the State proceeded to trial on the armed robbery and aggravated kidnapping charges only. The Defendant was not retried for second degree murder. After a trial by jury held July 21, 1998 through July 23, 1998, the Defendant was found guilty of both counts. The Defendant was subsequently sentenced on August 21, 1998 to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence on the aggravated kidnapping conviction, and forty-five years at hard labor without benefit of probation, parole or suspension of sentence on the armed robbery conviction. The sentences were ordered to be served consecutively. The Defendant now appeals his convictions, alleging three assignments of error.

FACTS
On June 13, 1995, the Defendant and three others planned to rob Steve's Liquor Store in Natchitoches. They were unsuccessful, but they met again on the following evening, trailed the owner of the liquor store to his home, and attempted to rob him there. After discovering that the victim had no money, the group kidnapped him and eventually shot him, causing his death. The Defendant was not at the scene when the victim was shot and, in fact, he did not learn about it until the next day.

DOUBLE JEOPARDY
In his first assignment of error, the Defendant contends his constitutional right to be protected against double jeopardy was violated because he was tried twice on the charges of aggravated kidnapping and armed robbery. The Defendant asserts that the retrial subsequent to this court's remand violated his protection against double jeopardy. While we do note that the Defendant did not assert double jeopardy in the lower court, we acknowledge at the outset that the failure *1194 to raise such a claim in the district court does not constitute a waiver. State v. Earnest, 95-1689 (La.App. 3 Cir. 5/8/96); 673 So.2d 1341.
Both the United States Constitution and the Louisiana Constitution provide double jeopardy protection to a criminal defendant. The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." See also La. Const. art I, § 15. The protection against double jeopardy applies in three situations: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Smith, 95-61 (La.7/2/96), 676 So.2d 1068; and State v. Mayeux, 498 So.2d 701 (La.1986).
In Mayeux, the supreme court determined that the Double Jeopardy Clause does not bar retrial when a defective or illegal verdict is ultimately set aside as invalid. The court explained its rationale as follows:
The Double Jeopardy Clause forbids a second trial when the prosecution fails to muster sufficient evidence to convict the defendant in the first proceeding. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). However, double jeopardy does not preclude the state from retrying a defendant whose conviction is set aside because of judicial error. This reflects a balancing of the defendant's interest in seeing that criminal proceedings against him are resolved once and for all in a single prosecution against society's valued interest in enforcement of its criminal laws. United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). To allow another prosecution when patent error has occurred at trial, "reflects the judgment that the defendant's double jeopardy interests, ... do not go so far as to compel society to so immobilize its decision making resources that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial error." Jorn, supra, 400 U.S. at 484, 91 S.Ct. at 556.
In applying this analysis to the case before us, we conclude the Fifth Amendment does not bar retrial when a jury's verdict, containing a nonwaivable defect, must be set aside by an appellate court. The jury rendered an illegal verdict. It purported to convict of a crime unresponsive under art. 814 and unspecified in our criminal law. It amounted simply to conviction of a non-crime. As such it could operate neither as a conviction nor acquittal. Naturally it should not have been received by the trial judge. After having been received, the verdict may not be modified or reformed on appeal. Accordingly, the appropriate action is to set aside the conviction and remand for retrial. In failing to do so, the appellate court erred. The judgment of the Court of Appeal is reversed, the conviction and sentence in the Trial Court are set aside, and the case is remanded for retrial.
498 So.2d 701, 705.
In the instant case, the constitutional protection against double jeopardy first arose when the Defendant was convicted of both second degree murder and certain felonies which, if committed, constitute an element of second degree murder. The trial judge in the Defendant's first trial effected the third double jeopardy protection by declining to sentence the Defendant on the kidnapping and robbery charges which were the underlying felonies supporting the second degree murder conviction. At issue before us now is the second type of double jeopardy protection, i.e., the right not to be subjected to a second prosecution after conviction for the same offense.
The State argues that double jeopardy considerations do not affect the Defendant's *1195 second convictions on the aggravated kidnapping and armed robbery charges. The State contends that the trial judge's decision not to sentence the Defendant on those convictions after the first trial was a sentencing decision only, an exercise of his sentencing discretion, and was not based upon a consideration of the evidence. The State further contends that this court's reversal and remand of the second degree murder conviction, based on judicial error and not insufficiency of the evidence, had the effect of restoring the case to its pretrial posture, "free of double jeopardy issues."
The Mayeux court was faced with the same double jeopardy question as we are herein. Under what circumstances may a defendant be subjected to a second prosecution for an offense of which he has previously been convicted? Our review of the record, and particularly the jury instructions given in the first prosecution, indicate that the Defendant was first convicted of felony-murder, i.e., a murder committed while the offender is engaged in the perpetration of an enumerated felony even though he has no intent to kill or to inflict great bodily harm. The trial judge was correct not to sentence the Defendant on the first convictions for aggravated kidnapping and armed robbery as they were the underlying felonies which comprised an essential element of the second degree murder conviction. The trial judge said he vacated those convictions, and we believe he was correct in doing so. The verdict form given to the jury in the first trial apparently gave the jury the mistaken impression that the Defendant could legally be convicted of second degree murder as well as the felonies which make up an element of second degree murder. This is not correct, and it resulted in an invalid, illegal verdict. See State v. Pendelton, 96-367 (La.App. 5 Cir. 5/28/97); 696 So.2d 144. Such a facially improper verdict, however, does not serve as a bar to retrial on double jeopardy grounds. Mayeux, Id. See also State v. Campbell, 95-1409 (La.3/22/96); 670 So.2d 1212, where retrial was ordered after the jury returned an unresponsive verdict as a result of incorrect instructions by the trial judge.
Accordingly, we conclude that the second trial of the Defendant on the charges of aggravated kidnapping and armed robbery was proper and was not violative of the double jeopardy protections of the constitution.

OTHER CRIMES EVIDENCE
In his second assignment of error, the Defendant argues that evidence of the murder of the victim was irrelevant to a determination of guilt for the crimes being prosecuted. He further argues that the photographs of the victim's body and blood found in the victim's vehicle were improperly admitted because they were irrelevant and highly prejudicial "other crimes" evidence. In response, the State argues that evidence of the murder was admissible because it was an integral part of the armed robbery and aggravated kidnapping.
Article 404(B)(1) of the Louisiana Code of Evidence allows for the admission of evidence of other crimes, wrongs, or acts "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." In State v. Matthews, 354 So.2d 552, 557 (La.1978), the supreme court held that evidence of a murder in the prosecution of an armed robbery charge was not only relevant to the essential element of force or intimidation, but was also part of the res gestae, as "the murder of the robbery victim was an immediate concomitant of the armed robbery and formed in conjunction with it one continuous transaction."
Considering the evidence in the record, we find that the commission of the murder in the present case was an integral part of the armed robbery and aggravated kidnapping charges brought against the Defendant. See Matthews, Id.; State v. Arvie, 97-990 (La.App. 3 Cir. 2/4/98); 709 So.2d 810. Additionally, we find the photographic *1196 evidence complained of to be neither improperly cumulative nor unfairly prejudicial. The challenged evidence was relevant as it was probative of the issue of force in the events leading up to the robbery and kidnapping. Hence, we find no error in the trial court's conclusion that the evidence was admissible.

INDICTMENT
By this assignment, the Defendant argues that if this court finds his prosecution for aggravated kidnapping and armed robbery was pursuant to the prior indictment of second degree murder, the indictment was not properly amended. The Defendant points out that armed robbery and aggravated kidnapping are not responsive verdicts to second degree murder. The Defendant argues that the purported amendment charges an unresponsive crime, is not dated or signed by either the foreman or the district attorney, and is, therefore, faulty and should have been quashed.
This assignment of error has no merit. The armed robbery and aggravated kidnapping charges were originally charged on November 8, 1995 pursuant to a valid grand jury indictment. In rebutting the Defendant's motion in arrest of judgment, the prosecutor stated that he had proceeded to trial under a separate indictment charging the Defendant with armed robbery and aggravated kidnapping rather than an amendment to the second degree murder charge. Thus, the Defendant's claim that the second degree murder indictment was not properly amended is without merit.

DECREE
For the foregoing reasons, the Defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] We refer the reader to this court's previous opinion for a more complete explanation of the initial prosecution in this case.
[2] Our review of the jury charges given in the original trial indicate the Defendant was convicted under Paragraph (A)(2)(a) of the second degree murder statute, La.R.S. 14:30.1, which provides:

When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, forcible rape, aggravated arson, aggravated burglary, aggravated kidnapping, second degree kidnapping, aggravated escape, drive-by shooting, armed robbery, first degree robbery, or simple robbery, even though he has no intent to kill or inflict great bodily harm.