# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-0774


STATE OF LOUISIANA

VERSUS

WALTER R. COX, SR.


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 8925-05
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

ON REMAND FROM THE LOUISIANA SUPREME COURT

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Ulysses G. Thibodeaux, Chief Judge, Sylvia R. Cooks and Jimmie C. Peters, Judges.


**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Walter R. Cox, Sr.**


**Walter R. Cox, Sr.**
**Camp D. Hawk 3/R**
**Angola, LA 70712**
**PRO SE**

PETERS, J.

This matter is again before us, this time on remand from the supreme court. When we first considered his appeal, the defendant, Walter Cox, Sr., had been convicted of manslaughter, a violation of La.R.S. 14:31(A)(2)(a); aggravated obstruction of a highway of commerce, a violation of La.R.S. 14:96; and aggravated criminal damage to property, a violation of La.R.S. 14:55. This court affirmed the defendant's conviction and sentence for aggravated criminal damage to property, but vacated the defendant's other two convictions and entered a judgment of conviction of negligent homicide, a violation of La.R.S. 14:32. *State v. Cox*, 07-774 (La.App. 3 Cir. 1/30/08), 974 So.2d 891. Additionally, we remanded the matter to the trial court for compliance with the notification requirements of La.Code Crim.P. art. 930.8. *Id.*

The State of Louisiana (state) filed an application for supervisory writs with the supreme court questioning this court's interpretation of La.R.S. 14:96. The supreme court granted the writ application, *State v. Cox*, 08-492 (La. 10/3/08), 992 So.2d 996, reversed the ruling of this court, reinstated the jury verdict and sentences imposed by the trial court, and remanded the matter to this court for consideration of the issues not addressed in our original opinion. *State v. Cox*, 08-492 (La. 1/21/09), _____ So.2d _____. We now comply with the supreme court's directive.

### *Double Jeopardy Issue*

The state based its manslaughter prosecution on La.R.S. 14:31(A)(2)(a) which provides that manslaughter, as it applies in this case, is:

> (2) A homicide committed, without any intent to cause death or great bodily harm.
>
> (a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person;

The underlying felony in this prosecution is aggravated obstruction of a highway. Thus, in order to convict the defendant of manslaughter, the state was required to prove beyond a reasonable doubt every element of aggravated obstruction of a highway and that the defendant committed a homicide while engaged in the perpetration of that felony. In one of the assignments of error this court did not initially address, the defendant asserted that his conviction of both manslaughter *and* aggravated obstruction of a highway, violate the constitutional principle that bars double jeopardy.[1] We agree.

The defendant concedes that he did not raise this issue at the trial level, but correctly observes that double jeopardy may be raised at any time. La.Code Crim.P. art. 594; *State v. Walker*, 00-1028 (La.App. 3 Cir. 1/31/01), 778 So.2d 1192; *writ denied*, 01-546 (La. 2/1/02), 808 So.2d 336. The double jeopardy aspects of manslaughter were discussed by this court in *State v. Pierce*, 01-94, pp. 28-29 (La.App. 3 Cir. 10/31/01), 799 So.2d 732, 749-50, *writ denied*, 01-3312 (La. 1/10/03), 834 So.2d 427:

> In this case, the Defendant was charged and convicted of one count of third offense DWI, two counts of manslaughter, and one count of first degree vehicular negligent injuring. The manslaughter charges must be supported by the commission of a felony or an attempt to commit a felony. The Defendant was specifically charged with manslaughter based upon the "perpetration or the attempted perpetration of a felony grade DWI offense in violation of R.S. 14:98." In connection with felony DWI, the legislature specifically stated that "on a conviction of a third offense" the offender shall be imprisoned with or without hard labor. La.R.S. 14:98. Once convicted of manslaughter, the Defendant was punished for the felony which he was perpetrating at the time of the death of the victims, i.e. DWI, and cannot be punished a second time for the same offense. A similar double jeopardy analysis

---

[1] In his assignment of error, the defendant also brings his conviction for aggravated criminal damage to property into the argument. However, this court previously held that the defendant's argument as to the conviction for aggravated criminal damage to property had no merit "because the state based its manslaughter conviction on the underlying charge of aggravated obstruction of a highway." *Cox,* 974 So.2d at 903-04.

has been considered in Louisiana's felony-murder doctrine. When proof of the commission of a felony is an essential element of second-degree murder, double jeopardy precludes the conviction and punishment of the defendant for both crimes. *State ex rel. Wikberg v. Henderson*, 292 So.2d 505 (La.1974). Thus, by extension of the same principal [sic], the "felony-manslaughter" conviction in this case cannot be had without proof of all of the elements of the felony DWI. When the two offenses are the "same" under either the *Blockburger* test or the "same evidence" test, separate prosecution of each is jeopardy barred. Therefore, we are compelled to find the Defendant's right against double jeopardy was violated by the convictions and resulting sentences for third offense DWI and two counts of manslaughter. To remedy a violation of double jeopardy, this court must vacate the conviction and sentence of the less severely punishable offense and affirm the conviction and sentence of the more severely punishable offense. *State v. Doughty*, 379 So.2d 1088 (La.1980); *State ex rel. Adams v. Butler*, 558 So.2d 552 (La.1990).

Following the reasoning in *Pierce*, the defendant's assignment of error does have merit. That being the case, we vacate the conviction and sentence for aggravated obstruction of a highway of commerce.

### *Sentencing Issues*

The sentences imposed for the three convictions were the maximum incarceration sentences allowable. La.R.S. 14:31(B), La.R.S. 14:55, La.R.S. 14:96. Our conclusion that the conviction and sentence imposed for violation of La.R.S. 14:96, aggravated obstruction of a highway of commerce, must be vacated on double jeopardy grounds renders any consideration of the sentence imposed for that violation moot. Furthermore, in our initial opinion this court considered the sentence imposed for the violation of La.R.S. 14:55, aggravated criminal damage to property, and concluded that the trial court did not abuse its discretion in sentencing the defendant to fifteen years at hard labor, the maximum incarceration sentence for that offense. We find nothing in our subsequent review of the record on remand to change that initial conclusion.

3

All that is left for us to review in considering this assignment of error is the sentence imposed for violation of La.R.S. 14:31(B), manslaughter. For the reasons set forth as a result of our initial consideration and rejection of the defendant's claim that the sentence imposed for aggravated criminal damage to property is excessive, we find no abuse of discretion on the part of the trial court in sentencing the defendant to the maximum sentence for the offense of manslaughter. Thus, we find no merit in this assignment of error.

### *Pro Se Assignment of Error*

In his pro se assignment of error, the defendant asserts that the trial court erred when instructing the jury. Specifically, he complains that by reading the manslaughter charge three separate times, but not re-reading the alternate charges, the trial court caused confusion for both the jury and the court.

In its initial charge to the jury, the trial court made the following statement with regard to the definition of manslaughter and how it applied to the prosecution of the defendant:

> MANSLAUGHTER IS THE KILLING OF A HUMAN BEING WHEN THE DEFENDANT IS ENGAGED IN THE COMMISSION OR ATTEMPTED COMMISSION OF AGGRAVATED OBSTRUCTION OF A HIGHWAY OF COMMERCE *DIRECTLY AFFECTING THE PERSON* EVEN THOUGH THERE IS NO INTENT TO KILL.

(Emphasis added.)

Neither the state nor the defendant objected to this portion of the instruction.

After retiring to deliberate, the jury sent a note to the trial court requesting to see certain exhibits and to have the definitions of the offenses placed in writing and provided to them. The trial court did not provide the jury with written definitions as

4

requested. Instead, the trial court read the definitions to the jury a second time. Again, neither the state nor the defendant objected.

After the jury again retired to deliberate, the state informed the trial court that the phrase "DIRECTLY AFFECTING THE PERSON" should not have been included in its instruction because the language of La.R.S. 14:31(A)(2)(a) made that requirement applicable only if an intentional misdemeanor was used as the underlying offense. Here, the underlying offense was a felony. Thus, the state suggested, it was error for the trial court to include the phrase "DIRECTLY AFFECTING THE PERSON" in the instruction.

The trial court then interrupted the jury's deliberations, caused the jury to return to the court room, and read the jury the statutory definition of manslaughter, not once, but twice. In reading the statutory definition, the trial court omitted the reference to La.R.S. 14:30 and La.R.S. 14:30.1. Although the defendant's trial counsel raised some concerns about including the statutory language regarding misdemeanors, suggesting that it would be tantamount to changing the predicate for the manslaughter charge, no objection was voiced to the subsequent instruction to the jury.

Without a contemporaneous objection by the defendant as required by La.Code Crim.P. arts. 801 and 841, this issue was not preserved. *State v. Draughn*, 05-1825 (La. 1/17/07), 950 So.2d 583, *cert. denied*, 128 S.Ct. 537 (2007). Furthermore, the record establishes that the trial court read six charges (including the lesser and included offenses) in both the original instruction and the first subsequent instruction. The second subsequent instruction was given for the limited purpose of remedying

5

a specific mistake in the previously stated definition of manslaughter. We find no merit in this assignment of error.

## DISPOSITION

After considering the remaining assignments of error, as instructed by the supreme court, we now affirm the defendant's convictions and sentences for both manslaughter and aggravated criminal damage to property. We vacate the defendant's conviction and sentence for aggravated obstruction of a highway of commerce based on constitutional double jeopardy grounds. We remand the matter to the trial court with instructions to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file in the record of the proceedings written proof that the defendant received the notice.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**